(16 Misc. Rep. 100.)

JURGENS v. ROGGE et al.

(Supreme Court, Special Term, Kings County.   February 6, 1896.)

DOWER—DEVISE IN LIEU.                •
  A testator devised all his estate to his widow for life or until she remarried, with the further provision that if she remarried she should retain one-third of the remaining estate, and the balance should be divided equally among four children.  *Held* a devise to the widow, on remarriage, of one-third of the then remaining estate, in fee, in lieu of dower.

Action by Allrich Jurgens against Wilhelmina Rogge and others for partition of real estate under provisions of a will.

J. R. Soley, for plaintiff.
S. T. Maddox, for defendants.

GAYNOR, J.   A husband's testamentary provision for his wife is not to be deemed as intended to be in lieu of dower, unless the will make it so by express words, or a claim of dower would be inconsistent with other parts of the will or with its general plan.   In either case, the widow is put to her election.   By this will, the testator left all of his property, real and personal, to his widow, so long as she remained his widow, for her sole use and benefit, and then added, viz.:  "In case my widow should marry again, she may retain one-third of my then remaining estate; the balance to be divided share and share alike between my four children."   He died in 1877, and the widow has remarried.   If the devise had been to the

widow for life or until she should remarry, with remainder to the children upon the happening of either event, it would not be in lieu of dower (Bull v. Church, 5 Hill, 206, 2 Denio, 430); and the same would be true of a devise for life simply, with remainder to the children (Lewis y. Smith, 9 N. Y. 502). But the present case is different. It is a devise to the widow for life or until she should remarry, with the further provision that in the latter event the widow should retain one-third of the then remaining estate, and that the balance should be equally divided among the four children. Provision is made for her out of the remainder; so that the case is the same as though the will had provided for a like division upon the testator's death, there being no life estate. I think this provision is inconsistent with a claim of dower. If the widow is to take one-third of the real estate under the will, and also have one-third set off by metes and bounds for her dower, only one-third remains for present division among the children. The language of the testator did not intend this, and the intention must govern. It must not be disturbed or disappointed. Adsit v. Adsit, 2 Johns. Ch. 448. The manifest intention of a testator overrides rules of construction. They may be resorted to only when the intention is not manifest from the language of the will, naturally construed. They are never resorted to except out of necessity, namely, to spell out an intention. In re James, 144 N. Y. 7, 8, 38 N. E. 961. I have not overlooked the Konvalinka Case, 104 N. Y. 125, 9 N. E. 868. There was there a peremptory power of sale of the real estate, with a direction to divide the proceeds equally among the wife and children; so that the impossibility of dividing the land among them "equally," by metes and bounds, if the widow was also entitled to first have one-third of it set off to her by metes and bounds for her dower, was not presented. In Havens v. Havens, 1 Sandf. Ch. 324, the vice chancellor supposes a case (page 331) something like the present one, in which he says the widow would be entitled to her dower in addition to the devise to her, but his remarks are obiter. The devise of the one-third to the widow upon her remarriage is not for life, but absolutely. The words are that "she may retain one-third of my then remaining estate." I do not see how this may be construed to mean that she might retain only one-third of her life estate. Besides, if she was only to take the one-third for life, there would be partial intestacy as to such third, and the presumption is against such an intention in the testator. Schult v. Moll, 132 N. Y. 122, 30 N. E. 377. It is manifest from the will that the testator meant to make thereby a complete disposition of his entire estate. Judgment accordingly.