(39 Misc. Rep. 90.)

### DAVIS v. DAVIS et al.

(Supreme Court, Special Term, Nassau County. October, 1902.)

1. WILL—DEVISE IN FEE.

Testator divided his estate into six equal parts, and, after disposing of them, provided that the other part "I give, devise, and bequeath" to his daughter, free from all claims of any creditors, and that, if the income should at any time be in danger of being levied on by any proceeding whatever, the income should cease to the daughter, and the same should be divided into as many parts as she then had children living, and each of such children should receive one of such parts. *Held,* that under the words, "I give, devise and bequeath," the daughter took a fee, and the subsequent words, being inconsistent therewith, were nugatory.

Action by Eliza Davis against Gabriel Davis and others to construe a will. Judgment entered.

Gerlach & Schwegler, for plaintiff.

G. L. F. Rohan, for defendants.

GAYNOR, J. The testator bequeathed and devised the bulk of his estate, real and personal, to his executors in trust to collect the income and pay the same to the widow for life. By a subsequent clause he divided the said trust property into six undivided equal shares upon the death of the widow, and then by separate clauses bequeathed and devised one of such shares to each of his five grandchildren and to his daughter; the formal words of bequest and devise to the daughter being the same as in the case of each grandchild, but followed by additional words, all being as follows:

"The other of such equal shares or portions, I give, devise and bequeath to my daughter Eliza Davis, free from all claims of any creditor or creditors, and should in the opinion of my executor, the said income be at any time in danger of being levied upon, or be levied upon by a judgment creditor, or other creditor, by any proceeding whatever, then I direct that said income shall cease as to my said daughter and the same be divided into as many equal parts as there are children born of her body, then in being, and each of such children shall then receive one of such equal shares or portions."

The question is whether the daughter by this clause takes an absolute fee. I think she does. The rule of construction of wills to which all other rules must bend is that the expressed intention of the testator as manifested by the entire contents of the will must prevail. Artificial rules of construction may not be resorted to at all unless such intention be uncertain, such rules being allowed only to enable the intention to be spelled out by their aid when it is uncertain upon a reading of the whole will. Smith v. Bell, 6 Pet. 68, 8 L. Ed. 322; In re James, 146 N. Y. 78, 40 N. E. 876, 48 Am. St. Rep. 774; Jurgens v. Rogge, 16 Misc. Rep. 100, 37 N. Y. Supp. 249. The words following the words of absolute devise to the wife in the present case, are inconsistent with such devise, and bungling and obscure of meaning. An absolute devise of land "free from all claims of any creditor or creditors" of the devisee is impossible. When the absolute title vests it must necessarily be subject to the claims of such creditors; the testator cannot by merely saying that it shall not be make

it so. It may be that the testator could have devised upon a limitation or condition subsequent that upon the devisee becoming insolvent she should be divested of title (Jarm. Wills, c. 27, § 6), but he did not do so. The remaining provision, that "should in the opinion of my executor the said income" be in danger of being levied on at any time, "then I direct that said income shall cease as to my said daughter," and be divided into as many equal parts as she has living children, "and each of such children shall then receive one of such equal shares or portions,". is ineffective and meaningless. It presupposes that the income and not the corpus had been given to the daughter, which was not the case, the word "income" not theretofore having been used at all; or else its purpose is to take away the income from the daughter if she should become insolvent, and leave her only a barren fee. But while it may be perceivable that the testator had such an intention, there are no words which express it and on which it can be carried out. It may be perceived that the testator's intention was to create a trust, but he used no words which accomplish such a result.

But if the clause in question expresses anything, it is at best of such doubtful meaning that it has to be construed by the aid of the artificial rule that where there is primarily a clear devise in fee, such estate will not be lessened by subsequent words of ambiguous or doubtful meaning. Benson v. Corbin, 145 N. Y. 351, 40 N. E. 11.

The next clause of the will fully reveals that the testator was seeking to prevent his daughter's creditors, present or future, from collecting their claims out of any of his estate which should "vest" in her either by the terms of the will, or by "force of any law or statute," for he there so provides in so many words, and that is the entire contents of such clause, which was evidently inserted for greater certainty. But such a provision in a will is wholly nugatory.

Let judgment be entered that the daughter took an absolute fee under the will.