Matter of the Estate of HETTIE WRIGHT GRAHAM, Deceased.

(Surrogate's Court, New York County, January, 1917.)

Surrogate's Court — power of — decrees of — jurisdiction — when decree opened — construction of will — trusts — trustees — wills — Code Civ. Pro. §§ 1283, 2490(6).

The power of a Surrogate's Court under section 2490(6) of the Code of Civil Procedure to modify its decree, entered upon the judicial settlement of the account of an executor, must be exercised in the same manner as a court of general jurisdiction would exercise the same power.

Under section 1283 of the Code of Civil Procedure, a judgment of a court of record may be modified so as to correct a clerical error, and where the petition of an executor, to open

and modify the decree judicially settling the account, does not allege that his coexecutor was guilty of any fraud in connection with the entry of the decree, or that there was any irregularity, or that it contains a clerical error, or error in fact not arising on the trial, and does not allege the existence of any facts extrinsic of the record which would render it just and equitable that the decree should be opened, the application will be denied on the ground of the insufficiency of the moving papers.

A Surrogate's Court will not construe a will to determine how the property disposed of thereby would vest if certain events should happen or certain contingencies should arise.

Upon the happening of any of the events mentioned in the will upon which the vesting in possession of part of the trust estate is contingent, an application may be made to the court for a construction of the will so as to provide for a proper distribution by the trustee.

APPLICATION to open and modify a decree of this court, entered January 19, 1916, which judicially settled the account of executors.

Lilian Herbert Andrews, for petitioner.

John DeWitt Warner, for executor.

Miller, King, Lane & Trafford (William G. Barr, of counsel), for trustee.

Wilson M. Powell, for Swarthmore College.

FOWLER, S.   This is an application to open and modify the decree of this court entered on the 19th day of January, 1916, which judicially settled the account of the executors.   The petitioner is one of the executors whose account was settled by the decree; he joined with his coexecutor in the accounting proceeding and made no objection to the account or the decree entered thereon.   He now asks that the decree be opened so

that the surrogate may construe the will of the testatrix and adjudge that a certain trust created by her will is invalid; that she died intestate as to certain real estate of which she died seized, and that certain personal property which has been paid over to the trustee under the terms of the decree now sought to be modified should be paid to the petitioner.

While this court has the power to modify its decree (Code Civ. Pro. § 2490, subd. 6), it must be exercised in the same manner as a court of general jurisdiction exercises the same power. Section 1283 of the Code of Civil Procedure provides that a judgment of a court of record may be set aside for error of fact not arising on the trial. Such a judgment may also be modified so as to correct a clerical error. The petitioner, however, does not allege that his coexecutor was guilty of any fraud in connection with the entry of the decree, or that there was any irregularity, or that it contains a clerical error, or error in fact not arising on the trial, nor does he allege the existence of any facts extrinsic of the record which would render it just and equitable that the decree should be opened. The moving papers, therefore, are insufficient to warrant me in modifying the decree settling the account of the executors. *Matter of Walrath,* 37 Misc. Rep. 696; *Matter of Humfreville,* 8 App. Div. 312; *Matter of Douglas,* 52 id. 303. I have come to this conclusion with the less reluctance because an examination of the decree shows that it provides for a distribution of the estate in accordance with the terms of the will, and that the practical construction placed upon the will by the executors is correct. This court would not, in any event, construe the will of the testatrix so as to determine how the property would vest if certain events should happen or if certain contingencies should arise. Upon the happening of any

of the events mentioned in the will upon which the vesting in possession of part of the trust estate is contingent, an application may be made to this court for a construction of the will so as to provide for a proper distribution by the trustee. In the meantime the application for a modification of the decree and a construction of the will is denied.

Application denied.