Matter of the Estate of ERNESTINE SHRIER, Deceased.

(Surrogate's Court, New York County, March, 1918.)

Wills — construction   of — executors   and   administrators — trusts — trustees — residuary  estates — interest— curtesy.

A testatrix whose estate consisted solely of personal property and who died leaving her surviving four daughters and three sons bequeathed a certain sum in trust for the benefit of the daughters with directions that the trustee pay to each of them the interest or income on her portion. The will then provided: " In the event of the death of any one or more of my said daughters, the portion or portions so held for her or them by the said trustee shall be held by the said trustee upon the same trusts for the use and benefit of the surviving sister or sisters, as the case may be, unless such daughter or daughters should die leaving children, in which event the portion of such daughter or daughters shall go to the children of such daughter or daughters absolutely free from the trust created." One of the daughters died after her mother unmarried, the other daughters are married and two of them have children. Upon an application by the executor and sole trustee for the construction of the will *held:*

' There were four separate trusts created.

The principal of the trust held for the daughter who died without issue should be divided equally and added to the principal sums held in trust for the remaining daughters, any accrued interest on the fund held in trust for the daughter who

died at the time of her death should be paid to the executor of her will and the income received by the trustee since the death of said daughter should be paid in equal shares to her surviving sisters.

The will further provided that the residue of the estate should be divided among all of the children of testatrix equally but that the portions given and bequeathed to the daughters of testatrix should be held by the trustee " for their sole and separate use and benefit respectively, free from the control and not subject to the debts of any husband or husbands whom they, or either of them, may marry, nor subject to the right or rights of curtesy or any marital rights of said husband or husbands respectively," and the trustee was directed to pay the income or interest as directed by the will.

*Held,* that the seven children of testatrix took the residuary estate share and share alike absolutely.

APPLICATION by an executor and sole trustee for the construction of a will.

Kaye & Scholer, for petitioner.

L. & I. J. Joseph (Benjamin P. Alexander, of counsel), for Sadie R. Metzger and Maud L. Metzger.

Henry K. Heyman, special guardian.

FOWLER, S. This is an application by the executor and sole trustee under the last will and testament of Ernestine Shrier for the construction of her will. The testatrix died on November 15, 1910, leaving her surviving four daughters and three sons. The estate consists of personal property only. The petition alleges that the testatrix left sufficient to satisfy all the legacies bequeathed under her will, but that question has arisen as to the validity of certain trust provisions sought to be created by the testatrix.

Paragraph 1 of the will reads as follows: " I give and bequeath to Samuel Shrier, trustee, the sum of

Surrogate's Court, New York County, March, 1918. [Vol. 103.

twelve thousand dollars ($12,000), to be held by him in four equal portions in trust for the use and benefit of my four (4) daughters respectively, Dora, Annie B., Sadie R. and Maud L. Shrier, and I hereby direct the said Samuel Shrier, as said trustee, to pay to each of my said daughters the interest or income on her said portion; that is to say, the interest or income on the sum of $3,000 to each of my said daughters, the said interest or income to be paid in semi-annual or quarterly installments, as may be desired by said daughters or either of them.

" In the event of the death of any one or more of my said daughters, the portion or portions so held for her or them by the said trustee shall be held by the said trustee upon the same trusts for the use and benefit of the surviving sister or sisters, as the case may be, unless such daughter or daughters should die leaving children, in which event the portion of such daughter or daughters shall go to the children of such daughter or daughters absolutely free from the trust created."

Annie B. Shrier, one of the daughters of the testatrix, died on May 11, 1917, unmarried. The petitioner herein is also the executor under the last will and testament of Annie B. Shrier. Of the remaining daughters all are married and two have children. In my opinion four separate trusts are created by paragraph 1 of the will of testatrix. *Wells* v. *Wells,* 88 N. Y. 323; *Matter of Mount,* 185 id. 162. The principal of the fund held in trust for Annie B. Shrier, she having died without issue, should be divided equally and added to the principal sums held in trust for the remaining three daughters, as directed by the will. *Vanderpoel* v. *Loew,* 112 N. Y. 167. Any accrued interest on the fund held in trust for Annie B. Shrier in the hands of the trustee at the time of her death is prop·erly payable to himself as executor under her will

Misc.]   Surrogate's Court, New York County, March, 1918.

The income received by the trustee since the death of Annie B. Shrier should be paid equally to the surviving sisters.

As noticed above, the three surviving daughters are married, so the question may never arise as to the proper construction of the will of testatrix concerning the distribution of the other funds held in trust for their respective lives. No occasion arises at this time for the surrogate to determine any of the other questions which may arise upon the death of the other beneficiaries. Such questions are purely abstract and could not affect the present distribution of the fund held in trust for Annie B. Shrier. Courts of construction will not proceed to the construction of a will in anticipation of events which may never come to pass. *Matter of Mount,* 185 N. Y. 162; *Matter of Graham,* 98 Misc. Rep. 518; *Matter of Smith,* 96 id. 414; *Matter of Harden,* 88 id. 420; *Matter of Bankers Trust Co.,* 82 id. 375.

Paragraph 2 of testatrix's will reads as follows: " The residue of my estate of every description I give and bequeath to my seven children, Dora, Annie B., Sadie R., Maud L., Samuel, Monroe L. and Irving James Shrier, to be divided between them in seven equal portions, but the said portions of the said residue herein given and bequeathed to my said daughters shall be held by the said Samuel Shrier, trustee, for their sole and separate use and benefit respectively, free from the control and not subject to the debts of any husband or husbands whom they, or either of them, may marry, nor subject to the right or rights of curtesy or any marital rights of the said husband or husbands respectively.

" The said Samuel Shrier, trustee, is directed to pay the income or interest arising from the said portions of the residue of my estate, as referred to in this the

Surrogate's Court, New York County, March, 1918.    [Vol. 103.

second section of my will, to my said daughters in semi-annual or quarterly installments, as may be desired by my said daughter or either of them.''

Concerning the proper construction of paragraph 2 of the will of testatrix, I am of the opinion that the seven children of testatrix took the residuary estate share and share alike. The initial clause of paragraph 2 is unequivocal, and gives an absolute bequest to each of the children. Such a disposition of the residuary estate was the evident intention of the testatrix. Whatever her intentions respecting the bequests to her daughters, the subsequent language of paragraph 2 is not sufficient to cut down the absolute bequests given by the initial clause of that paragraph, as it is inconsistent with that part of the paragraph which immediately precedes. An absolute bequest cannot be cut down by a subsequent provision unless words are used which clearly and unmistakably show that such was the intention of the testator. *Freeman* v. *Coit,* 96 N. Y. 63; *Roseboom* v. *Roseboom,* 81 id. 356; *Davis* v. *Davis,* 39 Misc. Rep. 90. If the testatrix by the language of paragraph 2 of her will sought to create a trust estate for each of her daughters in their respective shares, which I doubt, the language of her will is ineffectual for that purpose. The trusts, if any, are merely passive trusts, and each of the daughters takes an absolute bequest. *Matter of De Rycke,* 99 App. Div. 596; *Steinert* v. *Steinert,* 161 id. 841. Paragraph 2 provides that as to '' the said portions of the said residue herein given and bequeathed to my said daughters,'' the trustee is to hold the same for their sole and separate use respectively. The period for which the trust is to run is not set forth, nor is there any remainder limited on the estate sought to be given to the several beneficiaries.

The controlling factor in the construction of a will

is the intention of the testator, if expressed. *Matter of Brann,* 171 App. Div. 800; *Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573.   In view of the evident intention of the testatrix to divide her residuary estate equally among her children, the construction favored by the surrogate in this instance best carries out her wishes and effects a complete disposition of the estate with substantial justice to all concerned.   Settle decree on notice accordingly.

Decreed accordingly.