In the Matter of the Estate of CAROLINE DE F. VON BERNUTH, Deceased.

Surrogate's Court, New York County, April 29, 1926.

Wills — construction — decedent after giving third of residuary estate to husband for life, directed that remainder be divided into trusts for each surviving child — if any child reached age of twenty-one years trustee was directed to pay over all income of share to said child quarterly — each child was to receive its individual share on reaching age of thirty years — in event any child died without issue its share was to be divided into as many equal shares as there were children and added to separate share of each child — decedent left three children, one of whom died before reaching age of thirty years — retention of her share for lives of two surviving sisters does not violate statute against perpetuities — acts of trustee transferring trust fund to surviving sisters confirmed in prior accounting proceeding — trustee barred from having provisions of will directing addition of funds on death of child declared invalid — child attaining age of thirty years is entitled to immediate possession of her share — remaining one-half of fund must be held in trust for child who has not yet attained age of thirty years.

A will by which decedent, after giving one-third of her residuary estate to her husband for life, directed that he, as trustee, divide the remainder and hold one such separate part in trust for each surviving child separately and apply the income thereof to its maintenance and education until such child attain the age of twenty-one years, and further directed said trustee to pay over all the income of the respective shares to the particular child quarterly upon its reaching the age of twenty-one years and to deliver to it the share held in trust for it absolutely free from any trust when any of said children attained the age of thirty years, and then provided that, in the event any child died without issue before reaching the age of thirty years, its separate share held in trust be divided into as many equal separate shares as there shall be children then surviving and one of such divided shares added to the separate share of each such surviving child and become a part thereof, is valid and not in violation of our statute against perpetuities notwithstanding the retention of the share of a deceased child for the secondary lives of two surviving children.

The trustee, having transferred the fund held in trust for one of the children upon her death in equal parts to the shares of each of two surviving sisters upon said child's death before reaching the age of thirty years, without lawful issue it surviving, and having himself requested the usual settlement of his account confirming his actions in all respects, is estopped thereby from now attacking the validity of his own acts and seeking a determination adjudging invalid the provisions of the will whereby the addition of the fund was directed, for the decree entered in that proceeding, acquiesced in by all beneficiaries under the will, is final and conclusive as to all matters embraced therein.

One of the two surviving children, having reached the age of thirty years, is entitled to the one-half of the fund which, upon the death of her sister, was

45

Surrogate's Court, New York County, April, 1926.          [Vol. 127

held in further trust for her and now becomes vested absolutely in her. The disposition of the remaining one-half of the fund held in further trust for the other of the surviving children cannot be determined until that child attains the age of thirty years.

PROCEEDING for construction of will.

*Graves, Miles & Yawger* [*Charles S. Yawger* and *Robert M. Miles* of counsel], for the petitioner.

*Murray, Aldrich & Roberts* [*George Welwood Murray* of counsel], for all the adult respondents:

*Murray Hulbert*, special guardian.

FOLEY, S.   This is a proceeding for the judicial construction of the will of testatrix.   She died on January 30, 1912.   She was survived by her husband, Frederick A. Von Bernuth, Jr., and three daughters by a former marriage, to wit, Constance DeForest Orr, Elaine Eliot Orr (now McDermot) and Grace Alexis Orr.   By the 3d paragraph of the will the testatrix gave one-third of her residuary estate to her husband, Frederick A. Von Bernuth, Jr., in trust during his lifetime.   She then provided by the 4th paragraph as follows:

"*Fourth.* All the rest, residue and remainder of the estate, real and personal, of which I shall die seized and possessed, or in any manner entitled to, I give, devise and bequeath unto my husband, Frederick Augustus Von Bernuth, Jr., to have and to hold the same in trust, nevertheless, for the uses and purposes following, that is to say:

"(a) I direct my said trustee to divide said rest, residue and remainder of my estate unto as many separate equal parts as I shall leave children me surviving, and to hold one such separate part in trust for each such surviving child, separately, for and during its life, the income, interest, dividends and profits arising and accruing therefrom to be collected and received by the trustee and applied, either the whole thereof or so much as said trustee may deem necessary, to the support, maintenance, and education and travel of such child until it shall attain the age of twenty-one years. When such child shall have attained the age of twenty-one years, if it so long live, I direct the trustee to pay over and deliver to it all income, interest, dividends and profits upon said share not applied as aforesaid, if any, which shall be accumulated and properly invested, with accrued interest from such investment, and thereafter to pay to such child, quarterly or at other convenient periods,

Misc. 705]     Surrogate's Court, New York County, April, 1926.

the income, interest, dividends and profits thereafter received upon said share.

" (b) As each of said children attains the age of thirty years, if it so long live, I direct the trustee to pay over and deliver to it the share of my said estate theretofore held in trust for it hereunder, together with all accumulations, if any, of interest, income, dividends and profits, absolutely, free from any trust hereunder.

" (c) If any of my children shall die before reaching the age of thirty years without leaving lawful issue it surviving, I direct that its separate share, held in trust as aforesaid, be divided into as many equal separate shares as there shall be children of me then surviving, and one of such divided shares shall be added to the separate share of each such surviving child and become a part thereof with like effect as if originally made a part thereof hereunder.

" (d) If any of my children shall die before reaching the age of thirty years leaving lawful issue it surviving, such issue shall take abso utely the share held in trust for its or their parent as hereinbefore provided, share and share alike, and shall also repre sent its or their parent and take any share hereunder which its or their parent would have taken if living, share and share alike."

The 6th paragraph makes provision for the gift over of her residuary estate in the event all of her children should die before attaining the age of thirty years, without leaving lawful issue them surviving.

Constance DeForest Orr (later Constance DeForest Orr Wilder), one of the daughters of testatrix, died on March 27, 1924, without issue, prior to attaining the age of thirty years. Upon her death Frederick A. Von Bernuth, Jr., the trustee, added the fund which he held in trust for her benefit in equal parts to the respective shares held in trust for her surviving sisters, Elaine and Grace, and thereafter paid to them the income upon these additional parts. On October 6, 1925, the trustee instituted a proceeding for a judicial settlement of his account, covering the period from April 9, 1917, to July 31, 1925. In this account he set forth the division of the fund held in trust for Constance prior to her death into two parts and the addition of each such part upon further trust to the shares held in trust by him for Elaine and Grace respectively. On December 7, 1925, a decree was entered settling the account of the trustee. The decree directed Von Bernuth to retain the property constituting the principal of the trust thus set up for Elaine and Grace as shown in his account, and to continue to administer the property in accordance with the provisions of testatrix's will.

The trustee now by this proceeding seeks to procure a deter-

mination adjudging invalid the provisions in the will directing the addition of the fund held in trust for Constance upon her death in equal parts to the shares of each of the surviving sisters, and for a determination that in respect to the principal of the funds the testatrix died intestate. Of course were such a determination obtained the trustee individually would be entitled under our intestacy laws to a distributive share in the funds. His position here is not that of an impartial person seeking a construction of the will in his official capacity as trustee, but as an individual attempting to recover for his own personal benefit a further share in testatrix's estate. Having transferred the fund held in trust for Constance to the shares held in trust for the surviving sisters, and having himself requested a judicial settlement of his account confirming his doings in all respects, he is estopped thereby from now attacking the validity of his own acts. The decree entered December 7, 1925, settling his account as trustee, acquiesced in by all the beneficiaries under the will, who were made parties to that proceeding, is final and conclusive as to all matters embraced in the account and decree. (Surrogate's Court Act, §§ 80, 274; *Matter of Hoyt*, 160 N. Y. 607; *Bowditch* v. *Ayrault*, 138 id. 222; *Pray* v. *Hegeman*, 98 id. 351; *Matter of Schley*, 202 App. Div. 169; affd., 234 N. Y. 616; *Matter of Trevor*, 119 Misc. 277.) But entirely aside from the question of *res adjudicata*, the retention of the funds for the secondary lives respectively of Elaine and Grace was valid and not in violation of our statute against perpetuities. (*Matter of Trevor*, 239 N. Y. 6.)

Since the last accounting, however, and on April 9, 1926, Elaine Eliot Orr McDermot became thirty years of age. A construction, therefore, became necessary as to the disposition of the one-half of the fund formerly held in trust for Constance, which upon her death was added to the fund held in trust for Elaine.

The limitation contained in paragraph 4, subdivision (c), of the will, that if any of the children of the testatrix should die before attaining the age of thirty years, without leaving issue, then such share shall be added in equal parts upon further trust to the shares of the surviving children might possibly suspend the absolute power of alienation of such fund beyond two lives in being, and in such event it could not be sustained. But it has been held that " if a way may be found to preserve what is essential and legal, that which is illegal and of minor consequence must not be permitted to defeat the clear purpose of the testator." (*Matter of Trevor, supra.*) The testatrix's primary purpose was that if her children arrived at the age of thirty their shares should immediately vest in them, or, if they died before then, survived by issue, their shares should vest in their

Misc. 705]      Surrogate's Court, New York County, April, 1926.

issue.   The direction for the disposition of the shares upon the death of any of her children before thirty, without issue, was secondary and subordinate to her primary purpose.   The possibility of unlawful suspension might have arisen here had Elaine died, without issue, before reaching thirty.   Elaine is now thirty years of age, so that the contingency of her death before thirty, without issue, can no longer happen.   " The mere fact that the limitation over on another contingency which has not occurred is invalid does not invalidate that which is good." (*Matter of Trevor, supra.*) Judge POUND stated the rule metaphorically and in distinctive language, as follows:  " The irritation of invalidity has produced, not a cancer, but, at worst, an epidermal callosity which may be harmlessly eliminated." (*Matter of Trevor, supra.*)   As pointed out in *Matter of Horner* (237 N. Y. 489, 495):  " The provision that in given circumstances a share shall fall back into the general body of the trust and remain unsevered from the bulk is so subordinate in importance and so separable in function that we are at liberty to cut it off and preserve what goes before." And again in *Matter of Trevor* (*supra*):  " The will is to be read in the light of what has happened, not so much for the purpose of determining its validity as for the purpose of seeing clearly by such light what is possible in the way of separating the good from the bad."

Applying these canons of construction laid down by our highest court to the determination of the disposition of the one-half of the fund which upon the death of Constance was held in further trust for Elaine, I hold that when she attained the age of thirty the fund held for her benefit vested absolutely in her and she became entitled to immediate possession. (*Matter of Trevor, supra; Matter of Colegrove,* 221 N. Y. 455; *Ward* v. *Ward,* 105 id. 68; *Church* v. *Wilson,* 152 App. Div. 844; affd., 209 N. Y. 553; *Matter of Shrier,* 103 Misc. 132.)

The question as to the disposition of the remaining one-half of the fund held in further trust for Grace is at this time academic and a determination of that question may only become necessary upon the happening of the contingency which will terminate the trust. (*Matter of Hance,* 180 N. Y. Supp. 269; affd., 192 App. Div. 904; *Matter of Mount,* 185 N. Y. 162; *Matter of Bankers' Trust Company,* 82 Misc. 375.)

Submit decree construing the will accordingly.