In the Matter of the Judicial Settlement of the Account of Proceedings of BANKERS TRUST COMPANY, as Trustee of the Residuary Trust Created under the Last Will and Testament of EUGENE F. AUCAIGNE, for the Benefit of JOSEPHINE A. JACQUIN, from December 15, 1924, to February 6, 1927, Date of Termination of the Trust by Reason of the Death of the Life Tenant, and for Construction of Paragraph 30 of the Last Will and Testament of EUGENE F. AUCAIGNE, Deceased.

Surrogate's Court, Bronx County, March 26, 1928.

Wills — construction — trusts — will after creating several trusts for designated beneficiaries, provided that in event estate was worth more or less at testator's death if any persons designated in trusts died amounts left to them should be proportionatly increased or decreased as case might be — will also provided that upon death of last " trustee legatee " amounts should go to testator's nearest heirs at law — will also contained provision giving general legacy outright to legatee for whom no trust was created — beneficiary of one trust has died and direction as to distribution of principal of her trust fund is sought — provision as to share in said principal of person getting general legacy is legal — testator intended that shares of other persons in principal should be added to respective trust funds established for their benefit — fact that trust term constitutes unlawful suspension of power of alienation does not invalidate trust of deceased beneficiary — upon death of said beneficiary, legatee getting general legacy became entitled to receive outright proportionate share of principal — remaining trusts are augmented by proportionate shares of principal — upon death of beneficiary of each trust, trust ends as to amount of such augmentation, and latter then passes as if deceased testator had died intestate.

Decedent after creating several trusts in various amounts for designated beneficiaries provided by paragraph 30 of his will that in the event his estate, at death, is worth more or less or if any of the persons designated in the trusts should die the amounts left to said beneficiaries should be proportionately increased or decreased as the case might be and upon the death of the last trustee legatee the amounts should go to the testator's nearest heirs at law. One of the persons named in paragraph 30 was not made the beneficiary of the

trust but was given a general legacy outright, and on the death of one of the beneficiaries of the trusts the estate seeks the validity of the disposition of the principal of her trust fund.

The provision as to the share of the general legatee in the said principal is legal because the general legacy to her was outright, and since her share in the principal is to be added to her legacy, she is entitled to this share without the intervention of any further trust.

It was the intention of the testator to add to the respective trust funds established the shares of the other persons in the principal, but since a limitation of one life has already been effected and a limitation for the life of the next beneficiary involves a second life, the further limitation is, therefore, for more than two lives in being and consequently the trust creates an unlawful suspension of the power of alienation within the meaning of section 42 of the Real Property Law and section 11 of the Personal Property Law.

But the fact that paragraph 30 of the will is invalid does not warrant a finding that the trust for the deceased beneficiary should fail in its entirety, for where several trusts are created independent of each other and each complete in itself the legal trusts can be separated from the illegal so that the intention of the testator may be effected. Moreover, the intention of the testator seems to have been to provide for the care and support of the deceased beneficiary and to that end he wished to devote the income and if that was insufficient, so much of the principal as the trustee deemed necessary.

In order to give effect to the intent of the testator without involving any illegal suspension of the power of alienation as to any part of the principal of the trust fund in question it is necessary to terminate the trust as to the amount by which the trust funds of each of the survivors are augumented upon the death of each of the latter respectively.

Accordingly, the trust for the deceased beneficiary was valid for her life and upon her death the legatee to whom was given a legacy outright is entitled to receive outright the proportionate share of the principal.

The remaining trusts referred to in paragraph 30 of the will are augmented by proportionate shares of the principal, and upon the death of the beneficiary of each of said trusts, each trust ends as to the amount of such augmentation, and the latter then passes as if the deceased testator had died intestate.

PROCEEDING for settlement of accounts of testamentary trustee and for construction of will.

*Willis Henry Chase,* for the trustee.

*John J. DePasquale,* special guardian.

SCHULZ, S. Paragraph " thirty " of the last will and testament of the decedent provides as follows: " In case my estate is worth more or less at my death, or if any of the persons, designated in these trusts, should die, before or after me, the amounts left to Prosper J. Aucaigne, Josephine Jacquin, Blanche Ams, Emil Ams, Jr., Hortense Ams, Mrs. Botsford, Mrs. Schoener, Blanche Covary and Martha Hobson are to be proportionately increased or decreased as the case may be, and upon the death of the last trustee legatee, these amounts are to go to my nearest heirs at law."

Prior provisions of the will, after specific legacies to most of

the persons named above, created trusts in various amounts for each of them except for Blanche Ams to whom a general legacy was given outright. If the paragraphs of the will in which the trusts are provided for are considered without reference to paragraph "thirty," it appears that some of the trusts are for the life of the beneficiary, and some until the beneficiary reaches a certain age and that in all of them the trustee has a right to pay to the respective beneficiary, in addition to the income, so much of the principal as in its judgment may be necessary and proper for his or her care and support.

The executor who is the present accounting trustee made its account as such and a decree was entered thereon. No construction was asked for and no objection was made by any of the parties in that proceeding.

Josephine A. Jacquin, the beneficiary of one of the said trusts, has now died, and the trustee is in doubt as to the validity of the disposition of the principal of her trust fund, and asks for a construction of paragraph thirty quoted above determining the manner in which the same shall be distributed.

The provision as to the share of Blanche Ams in the said principal is legal because the general legacy to her was outright, and as her share in such principal is to be added to her legacy, she obtains this share without the intervention of any further trust. It is quite evident, however, that the testator intended that the shares of the other persons in such principal should be added to the respective trust funds established for their benefit because he provides that " upon the death of the last trustee legatee, these amounts are to go to my nearest heirs at law." By " trustee legatee " I assume he meant beneficiary of a trust. As to these shares a limitation of one life has already been effected, and a limitation for the life of the next beneficiary involves a second life. The further limitation is, therefore, for more than two lives in being and hence the trust term constitutes an unlawful suspension of the power of alienation. (Real Prop. Law, § 42; *Mansbach* v. *New*, 58 App. Div. 191; affd., 170 N. Y. 585; *Matter of Finck*, 171 N. Y. Supp. 573; Pers. Prop. Law, § 11.)

The question involved is whether the trust for this deceased beneficiary fails in its entirety, or may be given effect as to some of its provisions and adjudged invalid as to others.

The executor having accounted and having set up the various trusts of which this is one, it might be urged that the persons cited upon that accounting are estopped from raising a question as to the validity of this trust; at least to the extent to which, with their acquiescence, it has functioned; and none of them have

attempted to do so.   However that may be, it is of no importance
in view of the conclusion which I reach.

The law seems to be well settled that where some of the trusts
are legal and others illegal, and they are so connected that if effect
is given to some portion and the other invalidated the presumed
wishes of the testator will thereby be defeated, or where it is
evident that manifest injustice will result to the beneficiaries
therefrom, all must be construed together and all must either be
held valid or invalid.   Where, however, several trusts are created
and they are independent of each other, each trust complete in
itself, and the legal can be separated from the illegal without
the consequences above set forth, and without violating what the
testator might in an emergency be presumed to wish, the illegal
trust may be cut off and the legal be permitted to stand and thus
the intention of the testator be effectuated, so far as the law will
permit this to be done.   (*Kennedy* v. *Hoy*, 105 N. Y. 134.)

In the case last cited, effect was given to a trust for the benefit
of a son during his life, to effectuate the primary intention of the
testator to care for the son and his family, and the trust provisions
to come into effect after the death of the son were held invalid.
In *Carrier* v. *Carrier* (226 N. Y. 114, 124) a trust was established
by deed for the benefit of husband and wife and two daughters
during the lives of the husband and wife.   Upon their death the
corpus was to be divided into two trust funds for the benefit of two
daughters with contingent remainders to their issue.   The trust
during the life of the husband and the wife was upheld in order that
the primary purpose, which was to maintain the family as a unit
while the husband and wife lived, might be given effect, and the
trusts after the death of the husband and wife were declared invalid.
In *Van Schuyver* v. *Mulford* (59 N. Y. 426) a trust for the benefit
of a wife during her life, and after her death for the benefit of two
daughters for their lives, and after the death of all three the corpus
to the issues of the daughters, was upheld during the life of the
wife to carry out the primary object of the decedent to support his
wife, ·and the devise over and the subsequent provisions for the
lives of the daughters were held invalid.   In *Matter of Trevor* (239
N. Y. 6) it was said: " But, if a way may be found to preserve what
is essential and legal, that which is illegal and of minor consequence
must not be permitted to defeat the clear purpose of the testator.
' The provision that in given circumstances a share shall fall back
into the general body of the trust and remain unsevered from the
bulk is so subordinate in importance and so separable in function
that we are at liberty to cut it off and preserve what goes before.'
(*Matter of Horner*, 237 N. Y. 489, 495.) "

An attempt should be made to effectuate the intention of the testator, if this is possible, without violating the canons of construction and interpretation. The court should not trifle with the rules as to suspension of the power of alienation, but should give them a reasonable application. (*Matter of Trevor, supra.*) In *Matter of Gallien* (247 N. Y. 195), recently decided in the Court of Appeals, Chief Judge CARDOZO, referring to the principles of testamentary construction, writes (p. 200): " One of the best known of those principles is that if two or more constructions are reasonably possible, the one that will sustain the validity of the will is to be preferred, generally speaking, to the one that will defeat it (*Roe* v. *Vingut*, 117 N. Y. 204, 212; *Phillips* v. *Davies*, 92 N. Y. 199; *Greene* v. *Greene*, 125 N. Y. 506, 512). The court struggles to preserve, and surrenders to nothing short of obvious compulsion. In the attainment of its end, it may ' reject words and limitations, supply them or transpose them, to get at the correct meaning ' (*Phillips* v. *Davies, supra; cf. Roome* v. *Phillips*, 24 N. Y. 463; *Miller* v. *Gilbert*, 144 N. Y. 68, 74)."

The intention of the testator was quite clear; he desired to provide for the care and support of the deceased beneficiary. That was his primary purpose; to that end he wished to devote the income, and if that was insufficient, so much of the principal as the trustee deemed necessary, and that purpose should be given effect if it is possible to do so.

The language of the paragraph in which this purpose is stated, and in which the trust is created, does not suspend the power of alienation for more than one life. If the trust has been rendered invalid, it is due to paragraph " thirty " which provides what shall be done with the principal after the death of the life beneficiary.

In order to give effect to the intent of the testator as nearly as this may be done without involving an illegal suspension of the power of alienation as to any part of the principal of the trust fund in question, it would be necessary to terminate the trust as to the amount by which the trust funds of each of the survivors are augmented upon the death of each of the latter respectively. If this is done, the trust period would be (a) as to the whole principal, for the life of the deceased beneficiary, Josephine A. Jacquin, and (b) as to each share of the principal added to the other trust funds, for the life of the beneficiary thereof respectively. This would appear to be a way to preserve what is legal by cutting off that which is illegal and of minor consequence (*Matter of Horner, supra; Matter of Trevor, supra*); his primary purpose would not thereby be defeated, but on the contrary would be effectuated as far as permissible, and no manifest injustice would result to any beneficiary; hence

Supreme Court, April, 1928.                    [Vol. 131

the court should, under the cases above cited and quoted from, adopt that construction.

I accordingly hold that the trust for Josephine A. Jacquin was valid for her life; that upon her death, Blanche Ams is entitled to receive outright a proportionate share of the principal, and the remaining trusts referred to in paragraph thirty are augmented by proportionate shares thereof, and that upon the death of the beneficiary of each of such trusts, the same ends as to the amount of such augmentation, and the latter then passes as if the deceased testator had died intestate.

Costs to the petitioner and an allowance to the special guardian payable out of the estate.

Settle decision and decree accordingly.