In the Matter of the Estate of, CALIXTE HARVIER, Deceased.

Surrogate's Court, New York County, January 16, 1930.

*Petersen, Steiner & Kohan.* for the petitioner, accountants.

*Abraham Greenberg*, special guardian.

O'BRIEN, S. Under the language of the will the trusts created by testator were entirely valid. There was a primary trust for the life of his wife. Upon her death there was a division into as many shares as he left children surviving him, and a secondary trust in each share was directed for the benefit of each child. Upon the death of each child the corpus of his or her share was given to the issue of such child so dying, and in the event that a child should die without issue then his or her share was vested in his surviving brothers or sister. Under the testamentary scheme, none of the trusts was to endure for more than two lives in being. (*Matter of Trevor*, 239 N. Y. 6; *Matter of Colegrove*, 221 id. 455; *Matter of Horner*, 237 id. 489; *Matter of Silsby*, 229 id. 396.) The special guardian is in error in contending that the shares of the two children who died during the running of the primary trust for the life of the widow, vested upon their deaths in the surviving children. Under the language of paragraph 4 of the will there could be no vesting of any part of the corpus until the death of the widow. Upon her death the shares of the two children who predeceased her leaving no issue, vested in Ernest Harvier and Ceceile L. Brodhead in equal shares. Upon the death of Ernest Harvier after the death of his mother, the share of the corpus which had been held for his benefit also vested in Ceceile L. Brodhead. I hold, therefore, that of the corpus of the entire estate there is now payable one-fourth thereof to the executors of Ernest Harvier, one-half thereof to Ceceile L. Brodhead; and the remaining one-fourth should be held in trust until the death of Ceceile L. Brodhead with remainder over to her issue.

Submit decree on notice construing the will and settling the account accordingly.