In the Matter of the Estate of PHILIP J. DWYER, Deceased.

Surrogate's Court, New York County, May 3, 1932.

*Cullen & Dykman* [*Francis L. Durk* and *Ralph W. Crolly* of counsel], for Marie C. Norton.

*Heywood & Benedict* [*I. Maurice Wormser* and *Williston Benedict* of counsel], for Isla D. Mitchell.

*Deiches, Kaufman & Bernson* [*Maurice Deiches* of counsel], for Charles F. Dwyer.

*Stephen E. Ryan*, for the petitioners.

*Henry A. Thellusson*, special guardian for Charles P. Dwyer.

*Francis J. Garcia*, special guardian for Charles F. Norton, infant.

O'BRIEN, S. In this accounting proceeding by a trustee and by the executor of a deceased trustee the court is requested to construe paragraphs fifth and seventh of decedent's will. A residuary legatee in an answer filed contends that paragraph fifth creates a single trust for three lives and is therefore invalid under section 11 of the Personal Property Law (as amd. by Laws of 1929, chap. 229) and that distribution should be made under paragraph seventh of the will which is the residuary clause.

In paragraph fifth the testator bequeathed the sum of $150,000 to his executors, in trust nevertheless, to invest the same in bonds and to divide the net income from the investments equally in three parts between his two nieces, Miss Camille Dwyer, Mrs. Lulu Norton and his nephew Charles F. Dwyer during their lives. There is a further direction that the trust be invested and administered *in solido*. While at first it might appear that a single trust

was intended the subsequent language that " in case of the death of any of said beneficiaries leaving lawful issue surviving, then in that event I hereby direct my executors and trustees hereinafter named, as soon as can be conveniently done, to pay over to the child or children of such deceased beneficiary or beneficiaries the equal one-third share of the corpus of this trust fund which was invested for the benefit of said deceased beneficiary or beneficiaries, * * * to be the property of such child or children of said deceased beneficiary absolutely and forever," shows an intention to divide the fund into three equal separate parts or shares. Each part or share is measured by one life although all the shares were to be held together until the respective deaths of the beneficiaries at which time distribution was to be made of the share of the beneficiary so dying.

It has been repeatedly held that the whole fund need not be actually severed to create separate trust funds and that an arithmetical division is sufficient. (*Locke* v. *Farmers' Loan & Trust Co.*, 140 N. Y. 135, 143; *Schermerhorn* v. *Cotting*, 131 id. 48, 61; *Leach* v. *Godwin*, 198 id. 35; *Matter of Colegrove*, 221 id. 455; *Matter of Horner*, 237 id. 489.) Paragraph fifth also provided for the contingency of the death of any of the beneficiaries of the respective shares in the trust fund without leaving any lawful issue. In that event the trustees were directed to pay to the survivors or survivor of the said beneficiaries the portion or part of the income which would otherwise have been paid to the beneficiary so dying, and that if there were two survivors such portion of the income should be equally divided between them and if there were but one surviving beneficiary the whole income should be paid to the surviving beneficiary during his or her life.

One of the beneficiaries, Lulu Norton, died May 14, 1920, survived by children and the corpus of her share of the trust fund was paid and distributed in equal shares to said children. The other beneficiary, Camille Dwyer (Bergen), died December 18, 1926, without issue and the income on her share has been paid to the surviving beneficiary, Charles F. Dwyer. The direction as to the payment of income of a beneficiary who died without issue was contingent and secondary to the payment of the equal one third share of the corpus of the trust fund. " The mere fact that the limitation over on another contingency which has not occurred is invalid does not invalidate that which is good." (*Matter of Trevor*, 239 N. Y. 6, 17.) I, therefore, hold that the trust created by paragraph fifth of the will is valid. Submit decree construing the will and settling the account accordingly.