In the Matter of the Estate of HERMAN NOTARIUS, Deceased.

Surrogate's Court, Bronx County, September 26, 1933.

*Michael Schneiderman*, for the executor.

*Charles Recht*, for Tisha Gallina, legatee.

*Milton Altschuler*, for Abraham Notarius, objectant.

*Archibald Palmer*, for Pauline Notarius, objectant.

*John T. Power*, special guardian for infants.

HENDERSON, S. In this contested accounting a construction is prayed. The testator gave one-tenth of his estate to his sister absolutely. The balance of the estate is disposed of by the provisions of paragraphs " thirdly " and " fourthly " of his will. He gives to his trustee all of this residue to be held in trust, to pay to his wife, during her life, the income on a sum equal to one-third of the entire estate, after the payment of debts and funeral expenses. The income on the balance of the estate is to be paid to Abraham, Tillie and George, his children, until the youngest child, George, becomes twenty-one years of age at which time " it is then my will that the portion of the estate set aside for my children be distributed equally amongst my three (3) children." He further provides that should George die before he attains the age of twenty-one years, " it is then my will that this portion of my estate be distributed when my youngest surviving child becomes twenty-one (21) years of age."

In paragraph " fourthly " he provides that should his wife die before the distribution of the portion of the estate set aside for the children, the portion set aside for the wife be added to that of the children to receive the income of that portion in addition to the part previously set aside for them, " and that distribution be made of the portion of the estate set aside for my wife, on the same basis and at the same time, as the distribution of the portion of my estate set aside for my children." If the wife dies after the distribution of the portion set aside for the children, they are given the corpus of the wife's portion in equal shares.

The testator was survived by his wife and three infant children, Abraham, Tillie and George, of whom Abraham is the eldest and George the youngest. Abraham is now over the age of twenty-one years. Abraham has asked for the construction and he urges that there is but one trust and that except for the life estate for the wife,

the balance of the trust is void because it suspends the absolute ownership of the property for more than two lives in being at the death of the testator.

The will provides for two trusts: One for the widow of one-third of the entire estate after deducting debts and funeral expenses and the balance for the children. He sets up the trusts in separate subdivisions of paragraph " thirdly," and he further speaks of the portion " set aside " for his wife, and the portion " set aside " for his children. The children's trust does not violate the statute forbidding the suspension of absolute ownership for more than two lives in being at the death of the testator. It is limited upon two lives, that of George and that of Tillie if Tillie does not predecease George. If Tillie predeceases George, then on the life of Abraham. He had three children whom he mentions by name. When he directs that in the event George, his youngest child, dies before reaching twenty-one years, the children's trust be distributed " when my youngest surviving child becomes twenty-one (21) years of age," there arises the possibility that this trust may run for the duration of two lives, that of George and that of his daughter, Tillie, or his other son, Abraham. This trust can under no circumstances run beyond two lives in being and so does not offend against the statute.

The trust established for the wife is unlawful as it is measured by two lives in addition to her own, for in the contingency of her death before the distribution of the children's trust, there is a possibility that it might continue for a period of three lives. However, there appears to be no reason why the intention of the testator, as expressed in his will, should not be carried out. He desired that the corpus of the trust for the benefit of his wife should be distributed equally among his children at her death. He provided that distribution should not be made until his youngest living child should have attained the age of twenty-one years. There is no doubt that had he known that one of his trusts would fail, he would have desired to accelerate the remainder. Here, as in *Matter of Trevor* (239 N. Y. 6, 18), " A pencil may be drawn through the objectionable alternative provisions of the will which postpone vesting beyond the end of a second life. A perfectly good and workable will remains." By rejecting so much of paragraph " thirdly " with respect to the wife's trust which reads " In the event that my youngest child, George, dies before he attains the age of twenty-one (21) years, it is then my will that this portion of my estate be distributed when my youngest surviving child becomes twenty-one (21) years of age," the intention of the testator as expressed in his will, may be carried out. (*Matter of Horner*, 237

N. Y. 489; *Matter of Trevor*, 239 id. 6; *Oliver* v. *Wells*, 254 id. 451.) The alternative provision above quoted is eliminated and the wife's trust, as modified by such rejection of the alternative provision, is valid.

Upon the hearing the court declined to pass upon certain of the objections, as the issues therein raised are the subjects of present litigation in the Supreme and Municipal Courts. All the other objections are overruled with the exception of item 1 of the objections of Abraham Notarius and item 12 of the objections of Pauline Notarius which are similar. The counsel fee of the attorney for the estate is fixed in the sum of $1,015, which includes disbursements, and the claim for credit in Schedule C on account of such legal services is reduced to that amount. The claim of Mernstein & Weissman as set forth in Schedule D is allowed. Settle decree.