In the Matter of the Estate of MAX OSTROVITZ, Deceased.

Surrogate's Court, Bronx County, January 16, 1934.

*Leonard H. Wacker,* for the executrix.

*Abraham I. Wolf,* for Jennie Ostrovitz, objectant.

*Abraham I. Wolf,* special guardian for Sam Ostrovitz, infant.

HENDERSON, S.   Objections 1, 2, 3, 4 and 6 are withdrawn. Upon consent, objection 5 is sustained to the extent that the claim for credit in Schedule C of seventy-six dollars will be reduced to fifty-one dollars.   Objection 7.   It appears that there has been an overpayment to two of the legatees on account of their distributive shares in the estate.   The amount of the overpayment cannot be fixed until the amount of the debts and administration expenses is definitely determined.   When such amount is determined, the decree will provide that the executrix be surcharged with the amount of the overpayments to the legatees.

No request for a construction is made in the petition, but the special guardian raises such a question in his report, and the account contains the statement that the decree should provide for distribution as in case of intestacy.   A determination of the question so raised should be made at this time.   (Surr. Ct. Act, § 145.)

The will provides that the net estate be divided into fifths and is given to the executrix in trust, one-fifth for each of five persons. Two of the trusts are for one year and one for five years after the testator's decease when those respective shares are to be paid to the named legatees.   In the remaining trusts the shares are to be held until the respective legatees attain the age of thirty.

Paragraph eighth of the will is as follows:

"*Eighth.* I hereby direct that in the event any of my legatees hereunder shall die prior to the vesting of their respective legacies, then it is my wish that their share shall be divided equally among

my legatees, and paid over unto them in accordance with the terms of their respective legacies hereunder."

It is the contention of the special guardian that the five trusts violate the provisions of section 11 of the Personal Property Law and that there is an intestacy. It is correct that all the trusts may be measured by more than two lives in being, but I do not agree with the conclusion that the trusts must fail entirely. The five legacies upon which payment is deferred are measured by the lives of the respective beneficiaries. Where it is possible to effectuate the wishes of the testator by severing those trust provisions which are illegal from those which he is permitted to make, the court will give such reasonable application to the rules with respect to the suspension of the power of alienation as will carry out his expressed intention. (*Matter of Trevor*, 239 N. Y. 6.) In *Matter of Horner* (237 N. Y. 489, 495) it was said: " The provision that in given circumstances a share shall fall back into the general body of the trust and remain unsevered from the bulk is so subordinate in importance and so separable in function that we are at liberty to cut if off and preserve what goes before."

The testator in this case was interested in five persons, each of whom he desired to receive equal portions of his estate. His further intention was that the vesting of each portion in the individual to be benefited should take place, in three instances, at specified times after his death, and in two instances, not before the beneficiary reached the age of thirty. His provision that in any case where a beneficiary dies before his share vests, such share should be divided equally among the survivors, or in the event that their share had not already vested, the share be added to the trust for such beneficiary's benefit, was proper. It is only in the event of the death of a second beneficiary before the vesting of his share that there is an unlawful suspension of the power of alienation, and then only of that portion held in trust which he received by reason of the prior death of another legatee.

The intent of the testator may be given effect as nearly as possible without an illegal suspension of absolute ownership by terminating the trust as to the amount by which such fund may have been augmented by reason of the death of another beneficiary in the event of the death of a survivor before the vesting of his legacy. (*Matter of Aucaigne*, 131 Misc. 723, 727.) Upon the death of the surviving beneficiaries, before the vesting of their legacies, each of such trusts ends as to the amount of such augmentation, and the latter then passes as if the deceased testator had died intestate. Settle decree accordingly.