In the Matter of the Accounting of BANKERS TRUST COMPANY, as Trustee under the Will of LILLIE C. WEARE, Deceased.

Surrogate's Court, New York County, November 24, 1953.

*Edwards, O'Loughlin & George* for trustee, petitioner.

*H. H. Nordlinger* for Ashley Weare and another, respondents.

*Dillon & O'Brien* for Kathryn N. Weare, as executrix of John Weare, deceased, respondent.

FRANKENTHALER, S.  In this trustee's accounting the court is asked to construe the will in order to determine whether the trusts therein created violate the rule against perpetuities. Testatrix bequeathed her residuary estate in trust to pay the income therefrom equally to her son and daughter during their

lives, and upon the death of either leaving issue to pay one half of the principal to said issue. She further directed: "Upon the death of the survivor leaving lawful issue him or her surviving, I give, devise and bequeath the principal then held in trust for such survivor to such issue, in equal shares, per stirpes and not per capita." Paragraph Sixth provides: "If upon the death of either of my said children, any of the persons then entitled to receive any share of the principal shall be a minor, I direct my Trustee to continue to hold the share of such minor, invest and reinvest the same, collect and receive the rents, income, issues and profits thereof, and apply the net income and such portions of the principal, as in the judgment of the Trustee shall be necessary, to the maintenance, education and support of such minor until he or she shall attain the age of twenty-eight years, in each case where this is lawful."

Testatrix died in 1929, survived by her son, John Weare, and her daughter, Pauline Weare Gano. The latter died April 29, 1950, survived by two children both over twenty-one, whereupon the trust terminated as to one half thereof and the principal vested in them. Distribution thereof has been made. John Weare died October 28, 1952, survived by two children, Ashley Weare, then over twenty-one, and Roger Weare, then aged twenty. The latter was born subsequent to the death of the testatrix and it is contended that the continuance of the trust until he reaches the age of twenty-eight is invalid and that intestacy results as to the entire remainder.

The court holds that the remainder has vested absolutely in Ashley Weare and Roger Weare, that paragraph Sixth of the will is valid only for the period of the infant's minority, and that the provision for continuance of the trust beyond his minority will be excised. In *Matter of Eveland* (284 N. Y. 64), testator left his residuary estate in trust for the benefit of his widow and son and directed that upon the death of the survivor the remainder be divided between the children of the son then living. In a codicil he directed that such payment be made to each grandchild upon reaching the age of thirty-five. He left surviving his widow, his son and three grandchildren. Upon the death of the life tenants one grandchild was over twenty-one and the others were still minors. The court held that determination of the class of persons entitled to take the remainder was to be made upon the death of the last life beneficiary, that vesting was not postponed and that each remainderman became absolutely vested with title on the death of the second life tenant. It was further held that the provision for the continuance of the

trust for minor remaindermen beyond their minority was invalid, and the court directed that the share of the adult grandchild be paid over immediately and the shares of the minor grandchildren be paid upon their arrival at the age of twenty-one. (See, also, *Hawthorne* v. *Smith,* 273 N. Y. 291; *Matter of Hitchcock,* 222 N. Y. 57 and *Matter of Rolston,* 170 Misc. 548.)

In the case at bar, the remainder gift vested absolutely in the surviving issue of the life beneficiary, John Weare. The direction for continuance in trust during minority is valid (*Matter of Trevor,* 239 N. Y. 6; *Matter of Carroll,* 274 N. Y. 288; *Matter of Corlies,* 201 Misc. 755; *Matter of Marsh,* 119 N. Y. S. 2d 26). '' The suspension of the full power to alienate during minority results from the disability of infancy. The statute is aimed only at suspension by the terms of the will.'' (*Matter of Trevor, supra,* p. 16.) The provision for retention in trust beyond minority is subservient to testatrix' dominant intention and will be excised (*Matter of Eveland, supra*).

Hence there is no basis for the trustee retaining and administering the share of Roger Weare until he attains the age of twenty-eight. In view of this ruling the request for instructions as to powers of investment is academic.

Petitioner also requests that distribution be made in kind. This will be allowed if consents are filed pursuant to section 268 of the Surrogate's Court Act.

Submit decree on notice settling the account and construing the will accordingly.