S. Samuel Di Falco, S.
In this proceeding for the construction of the will, the court holds that the trustees will be authorized to invest in the securities specified for fiduciary investment under section 21 of the Personal Property Law (Matter of Walbridge, 138 N. Y. S. 2d 847) so long as section 235 of the Banking Law is confined in its operation to the investment power of trust companies over their corporate funds (Matter of Daly, 203 Misc. 851).
The bequest of 50% of the estate to the widow without deduction for estate taxes does not constitute a gift of 50% of the gross estate but rather half of the fund left after payment *300 of the debts of the decedent and administration expenses (Matter of Whitman, 125 N. Y. S. 2d 165; Matter of Momand, 13 Misc 2d 990).
The will gives to the widow for life the income from the trust for her benefit with a provision that she was to receive a minimum of $7,500 per year. The trust for the daughter of the testator provides for the payment of not less than $5,000 per year. Both trusts permit invasions of principal to make up any income deficit. The question is presented as to whether payments are to be made on a fiscal year basis commencing with the death of deceased or on a calendar year basis requiring the payment of the full amounts specified for 1958, the year in which the testator died. The petitioner also requests instructions as to the amounts payable to the beneficiaries' in the years of their respective deaths. The rule is well established that ‘ ‘ a power of invasion * * * is exercisable from the date of the testator’s death.” (Matter of Harlam, 114 N. Y. S. 2d 435, 436; Matter of Baylies, N. Y. L. J., Aug. 20, 1938, p. 439, col. 4.) Section 58 of the General Construction Law defines a year as 365 days or a 12-month period and not as a calendar year. This court accordingly holds that payments should be made on a fiscal year basis in both trusts but declines to decide the question presented as to the payments required to be made in the year in which each trust terminates because of the death of the income beneficiary (Matter of Mount, 185 N. Y. 162; Matter of Treavor, 239 N. Y. 6).
Submit decree on notice construing the will in accordance with the foregoing.