COOPER
v.
REMSEN.

W. Cooper and his Wife *against* Remsen and others.

*June 30.*

A testator, by his will, dated *September* 25th, 1810, gave to his daughter, during her separation from *W. C.*, her husband, one thousand dollars a year, which he charged on his real estate. *W C.* and his wife were living separate when the will was made, but cohabited together in *February*, 1815, when the testator made a codicil to his will, (changing only the executors,) and also, at his death, but separated immediately after his decease, and continued to live separate until within a short time previous to filing the bill by *W. C.* and his wife against the executors, for the legacy. *Held*, that the plaintiffs were not entitled to the legacy; and the bill was ordered to be dismissed with costs.

THE bill, which was for a legacy, stated, that *Isaac Clason*, by his will, dated *September* 25th, 1810, gave to the plaintiff, Mrs. C., his daughter, the furniture he had delivered to her; and, also, that he gave her, during her separation from the plaintiff, *W. C.*, her husband, one thousand dollars a year, which he charged on his real estate; and that on the 14th of *February*, 1815, the testator, by a codicil, altered the names of the executors, but made no further change in his will.

The bill further stated, that at the time of the decease of the testator, and at the time of making the codicil, the plaintiffs were living and cohabiting together, in the city of *New-York*, and that the testator well knew, at the *time* of making his codicil, and at the time of his death, that the plaintiffs were living and cohabiting together. That immediately after the death of the testator, the plaintiffs separated from each other, and have continued to live separate and apart ever since, until within two months previous to filing of the bill. The defendants having answered, the cause was set down for a hearing, on the bill and answer.

*R. Sedgwick*, for the plaintiffs. He cited 2 *Vernon*, 293,

3 *Atk.* 364. 8 *Mass. Rep.* 178. 180. 2 *Vernon,* 33. 1 *Mod.* 300.

*Bristed,* for the defendants, was stopped by the court.

THE CHANCELLOR. It is impossible to maintain this suit upon these pleadings.

It is admitted that the plaintiffs had separated, and lived apart when the will was made. This appears from one of the answers, but not from the bill, which only states, " that at the time of the date of the codicil, and at the testator's death, the plaintiffs were living and cohabiting together, and that the testator well knew it, and that immediately after the death of the testator, the plaintiffs separated from each other, and have continued to live separate and apart ever since, until within two months previous o the filing of the bill." The bill states no other separation, nor assigns any cause for the one which took place. The inference, then, is, that the plaintiffs separated for the sole purpose of entitling themselves to the legacy. Such an act cannot receive countenance. It was immoral; and yet the plaintiffs come here to calumniate the memory of their father, by charging him with making a provision for illegal and immoral purposes, and that it was intended to induce the plaintiffs to violate their matrimonial engagement. But I think the provision may receive a better construction. If the parties lived apart when he' made his will, as one of the answers admits, the provision may have been humanely intended to provide a suitable maintenance for a deserted child.

I can only judge of this case from the facts appearing in the pleadings; and I shall accordingly dismiss the bill with costs to the defendants, who are executors, with liberty, however, to the plaintiffs, on their suggestion, to amend their bill, within thirty days, on payment of costs.

Decree accordingly