### E. COOPER *against* REMSEN and others.

A testator, by his will, gave to the plaintiff, his daughter, " during her separation from W, C., her husband, one thousand dollars a year," which he charged on his real estate ; and the daughter was, in fact, living separate from her husband when the will was executed ; but they, afterwards, lived together, and were living and cohabiting together, at the time of the testator's death ; and, about three months after his death, they again separated and continued to live separate for a year : *Held*, that the legacy depending on a separation which existed at the time of the execution of the will, between the legatee and her husband, and with a view to that fact, the condition annexed was lawful and proper; and the separation having ceased, when the will took effect by the death of the testator, there was an end to the legacy ; and a voluntary separation of the plaintiff and her husband, after the deah of the testator, would not entitle her to it.

THE bill stated, that the plaintiff was the widow of *W. Cooper*, deceased, and daughter of *Isaac Clason*, deceased. That on the 26th of *September*, 1810, *I. C.* made his will, to which he added a codicil, dated *February* 14, 1815, a short time before his death, by which he appointed two additional executors. The defendants, *Remsen, Dickinson*, and *Delaplaine*, were the executors. The will contained the following clause: " I give and devise to my daughter *Eliza Cooper*, her heirs and assigns, for ever, all the furniture which she has received from me, amounting to 3,570 dollars and 23 cents, and which now stands in my books against her, and in full satisfaction of all further provision out of my estate. I do give and bequeath to her, during her separation from *William Cooper*, her present husband, one thousand dollars a year, which sum is hereby charged upon my real estate, and shall be paid by the other children, in proportion to their income arising out of

*August* 3d.

their portions of the real estate: and I do hereby declare it to be my intention, that neither my said daughter *Eliza Cooper*, nor any of her children, by the said *William Cooper*, shall inherit any part or portion of the real estate hereafter devised, or the rents, issues or profits thereof, as heirs, or heirs to any of my other children, nor shall she, nor any of her said children, be considered or adjudged as the legal representative, or representatives, of any of my other children, so as to be entitled to recover any portion of my real or personal estate, except that which I have hereby expressly given to her." On the 26th of *September*, 1810, and before that time, the plaintiff and her husband *W. C.* lived separate and apart, and she then resided with her father. This separation continued for eight or ten months, when they again lived and cohabited together. The bill further stated, that a disagreement existed between the plaintiff's husband and her father, at the time the will was made, and which continued to his death. That shortly after her father's death, she was constrained by her husband to live separate and apart from him, and so continued to live separate, for more than a year. That the separation was not induced by any desire on the part of the plaintiff to obtain the legacy given to her by her father's will; and she was at the time of the separation, ignorant of the contents of the will. That the separation was compulsory and against the will of the plaintiff. That the real estate was more than sufficient to pay all the debts, and the legacy, &c. That her husband *W. C.* was unable to maintain her, and died intestate, *November* 1, 1819; and his property was not sufficient to pay his debts. That she has three children by *W. C.*, who are infants, and they are destitute of the means of support. That she had offered to the executors and heirs of *I. C.*, security to refund, in case of a deficiency of assets. That her sisters *J.* and *E.*, had satisfied her, as to that part of the legacy chargeable on their portions of the real estate. She

*prayed* that the defendants might be decreed to pay to her, the arrears of the annuity, given by her father's will, with interest, and for general relief.

The *answers* admitted most of the facts charged in the bill. That the plaintiff and her husband lived apart when the testator, *I. C.*, made his will, but were living together when the codicil was made, which fact was known to the testator. It was proved, that about three months after the death of the testator, the plaintiff and her husband separated, and continued to live separate for a year.

*H. Sedgwick,* for the plaintiff.

*B. Robinson,* contra.

THE CHANCELLOR. I have had occasion already to express my opinion, on the condition annexed to the legacy to the plaintiff. (3 *Johns. Ch. Rep.* 382. 522.) The testator intended to make the provision for the plaintiff, during her separation from her husband, and that separation actually existed at the date of the will. He only intended it to continue " during the separation ;" and at the time of his death there was no separation, but the plaintiff and her husband lived and cohabited together, as husband and wife. The testator had a right to judge for himself, whether any, and what provision he would make by will for the plaintiff, and he determined to give her the furniture she had received, absolutely ; but he expressly, and in very clear and determinate language, excluded her from any share of his estate, except the annuity in question, upon the condition expressed. The Court cannot make a will for the testator, but it is bound to support the will as it is made, if the condition is not void by being impossible, or *contra bonos mores.* There is a wide difference between a bequest to a daughter during her separation from her husband, when the separation

1821.

COOPER
v.
REMSEN.

was then actually existing, without being procured by the testator, and a legacy to her, *if she lived apart from her husband;* for that would be to hold out a temptation to a separation, which would be *contra bonos mores.* The legacy would be simple and pure in the latter case, according to the decision of Lord *Northington,* in *Brown* v. *Peck;* (1 *Eden.* 140.) but in the former case, the legacy depends upon the fact of separation then already commenced, and was, in that event, a kind and charitable provision.

The condition annexed to the legacy being, in this case, lawful, the plaintiff must bring herself within its terms, to entitle her to the annuity ; and she has failed on this point of fact.   She and her husband lived together at the time of the testator's death;  and they separated in three months after *his* death, and continued separate for one year. I am to presume that they then came together and cohabited until her husband's death, which was upwards of four years after the death of her father.  The separation of her and her husband *by his death,* was not the separation alluded to or intended by the will.   The testator evidently referred to a separation in the life time of the husband ; and he only intended to make a provision for her during that interval, for he declares, that he gives her the furniture, " in full satisfaction of all further provision out of his estate."  The question, then, is, whether the plaintiff was entitled to the annuity during the separation of a year subsequent to the testator's death ? I have already observed, when the suit was before me for the annuity, which was brought in the life time of the husband, that a *voluntary* separation of the plaintiff and her husband, after the testator's death, would not entitle her to the legacy. She must show, at least, an involuntary separation, coerced and rendered necessary, by the acts, or by the desertion of the husband.   We have no such proof in this case.   We have only proof, by one witness, of the real fact of separation for one year, and that is not sufficient.   The plaintiff may

have voluntarily renounced her conjugal duties. She avers in the bill, that the separation was against her will; but the defendants do not admit it, in their answers, and she furnishes no proof of the manner and cause of the separation. She was bound to make out her case, especially as it had been declared, when her case was formerly before the Court, that an involuntary separation on her part was indispensable to be shown.

I incline to think, that, if the subsequent separation had been involuntary, it would not have satisfied the will. The testator must have made the will in reference to the actual separation existing at the time he made it, and the separation must have been subsisting at his death, when the will took effect, to bring the plaintiff within its terms. If he had made the will in reference to a separation, to take place *after his death*, it would have been a provision contrary to good morals, and good policy, because, it would be holding out a temptation to the parties to separate, by private agreement, for the very purpose of acquiring the annuity. And it would be extremely dangerous, to allow the wife to set up a separation, subseqnent to her father's death, and to claim a benefit from it. Such a claim is liable to great abuse, and ought to be viewed with extreme suspicion. If the condition be valid, as I think it was, for the reasons already mentioned, then the condition must have been fulfilled at the testator's death; and a subsequent fulfilment of it, is inadmissible on every principle of sound policy.

Bill dismissed, without costs.