H. MELISSA WHITON, RESPONDENT, *v.* JACOB HARMON SNYDER AND MARY SNYDER, APPELLANTS, IMPLEADED WITH WAITY SHERMAN AND ELIZABETH LANE.

*Condition in a devise of land that the devisee shall not live with his wife — when void as against public policy.*

The complaint, in an action for partition of real property, alleged that one Jacob H. Snyder was entitled to three-quarters of the property; that the other one-fourth belonged to his mother at the time of her death in 1877; previous to which she made her will by which she gave all her real estate to her son "for and during the term of his natural life, or while he shall live separately from his present wife." On his decease, "or when he shall again live with his present wife," the testatrix gave the same to her nieces

It was stated in the complaint that Jacob H. Snyder and his wife, Mary, were clandestinely married about twenty years before the making of the will; that immediately after their marriage, without cohabiting, they separated and lived apart; that Jacob immediately took steps to procure a divorce, and for that purpose went to Minnesota, where he procured, a year afterwards, a formal decree of divorce, which he and the testatrix supposed to be valid. Jacob and his wife continued to live apart until after the death of the testatrix. The reasons which induced this separation, and which occasioned the dislike of the testatrix to the wife of Jacob H. Snyder, as stated in the complaint, did not in any way impugn the moral character of the wife.

Subsequently to the probate of the will Jacob began living and cohabiting with his wife, and has ever since continued so to do.

Upon an appeal from an interlocutory judgment in the action overruling a demurrer interposed to the complaint, by the defendants, Jacob H. Snyder and Mary Snyder, his wife, who claimed that the condition subsequent attempted to be created by the will was against good morals and invalid.

*Held,* that this condition was void.

*Potter* v. *McAlpine* (3 Dem., 108–123); *Wilkinson* v. *Wilkinson* (L. R., 12 Eq., 604) followed; *Cooper* v. *Remsen* (5 Johns. Ch., 459; 3 id., 382) distinguished.

APPEAL by the defendants Jacob H. Snyder and Mary Snyder, his wife, from an interlocutory judgment overruling a demurrer interposed by them to the plaintiff's complaint, made at a Special Term, held in Albany county, which was entered in the office of the clerk of the county of Rensselaer on the 6th day of July, 1889.

*Cole H. Denio,* for the appellants.

*James Lansing,* for the respondent.

LEARNED, P. J. :

This is an appeal from a judgment interlocutory overruling a demurrer. The action is for a partition, and the complaint sets forth the facts showing the alleged title of the parties. Jacob H. Snyder is entitled unquestionably to three-fourths of the property. The other fourth belonged to his mother at the time of her death. She died in 1877, having previously made her will. The question in dispute is whether, under that will, Jacob H. Snyder was, at the commencement of this action, the owner of that one-fourth, or whether the same at that time belonged to the plaintiff Whiton and to the defendants Sherman and Lane.

The facts material to this question, as stated in the complaint, are substantially as follows: Jacob H. Snyder and his wife Mary were clandestinely married about twenty years before the making of the will; immediately after their marriage, without cohabiting, they separated and lived apart; Jacob immediately took steps to procure a divorce, and for that purpose went to Minnesota where he procured about a year afterwards a formal decree of divorce. He and the testatrix supposed this decree to be valid. He and his said wife continued to live apart until after the death of the testatrix. The reasons which probably induced this separation, and also the dislike of the testatrix to the wife of Jacob H., are stated in the complaint, but need not be mentioned here. They do not in the least impugn the moral character of the wife. The testatrix by her will gave all her real estate to her son "for and during the term of his natural life or while he shall live separately from his present wife." On his decease "or when he shall again live with his present wife" the testatrix gave the same to her nieces, viz., the plaintiff and the defendants Sherman and Lane. Subsequently to the probate of the will in 1879 said Jacob H. began living and cohabiting with his said wife and has ever since so continued. The plaintiff claims that thereby Jacob H. has forfeited his life estate, and that the same has passed to said nieces; and so the learned court held. The appellant insists that the subsequent condition attempted to be established by the will is against good morals and invalid.

We cannot assume upon the allegations of the complaint that Jacob H. has been legally divorced from his wife. The statement

is simply that he "obtained a formal decree of absolute divorce" in the State of Minnesota, and that he went there for that purpose, the residence of himself and his wife having previously been in this State, and that he immediately returned to this State. A formal decree is probably meant to be distinguished from a valid decree, especially as there is the further allegation that Jacob H. and the testatrix believed it to be valid, and there is no clear averment that the decree was valid. It is well known that many decrees of this kind, obtained in western States, are not held to be valid here.

It is further to be observed that, whatever the testatrix believed, she twice uses these words in her will, "his present wife," and thus recognizes the fact that Jacob H. had a wife at the date of the will from whom he was living separately and from whom she desired to induce him to live separately. And, still further, it is to be observed that there is no allegation that it was for any fault of hers that Jacob H. was living separately from his wife. Indeed, the contrary may be inferred from the allegations of the complaint. Jacob H. ought to live with his wife, if she had given him no ground, by any fault of hers, for living separately. It was his duty to support her and to give her the comfort of his society. Whatever her social position had been, or whatever her religious views were, he had made her his wife, and the laws of God and of man required him to be a faithful husband to her. On what pretext a Minnesota court may have pretended to free him from this duty we cannot say. Longer experience seems to have satisfied him that the proceeding was invalid, and he resumed the relations which should never have been interrupted.

The question here is not strictly on the validity of restraints on marriage. The question is whether a condition subsequent, intended to prevent a husband from living with his wife, should be sustained. The only case cited by plaintiff similar at all to the present is that of *Cooper* v. *Remsen* (5 Johns. Ch., 459). There a father gave a legacy of so much a year to his daughter during her separation from her husband. At the time of making the will the daughter and her husband lived separately. At the death of the testator they were living together. Afterwards they separated for a year; then lived together for some few years, when the husband died. It was held

that she was not entitled to the annuity during the separation of a year. This decides nothing on the point in question. The same will had previously been before the court in 3 Johnson's Chancery, 382, and a remark there made is important: "The provison may have been humanely intended to provide a suitable maintenance for a deserted child." That case was decided when, to a greater extent than at present, the wife was dependent upon the husband and on his property. A provision for a deserted wife might be humane; but a provision to induce the husband to desert would be quite different.

In the present case, if the testatrix had provided for the abandoned wife of Jacob H., as long as he lived separately from her, a very different case would have been presented. But here the testatrix seeks to bribe the husband to continue the abandonment of the wife, which he had entered upon.

In *Potter* v. *McAlpine* (3 Dem., 108, at page 123) a clause of a will was considered which made a gift to a son of the testator, conditioned on his not living with or supporting his wife, and it was held void as contrary to public policy and good morals. Several cases are there cited to which we refer. (*Tennant* v. *Braie*, Tothill, 78; *Brown* v. *Peck*, 1 Eden's Ch., 140; *Conrad* v. *Long*, 33 Mich., 78.) In this last case there was a devise to a married woman if she should conclude not to live with her present husband; if she should continue to live with him, then to another person. It was held that she took absolutely.

In *Wilkinson* v. *Wilkinson* (L. R., 12 Eq., 604) a testatrix gave property to her niece, the wife of W., who was living and doing business in Skipton, with a condition that all the niece's interests should cease "should she not cease to reside in Skipton within eighteen months of my death." The condition was held void. (See, also, *Wren* v. *Bradley*, 12 Jurist, 168; 2 Williams on Executors, 1264 [1373], [6th Am. ed.], and cases there cited.)

It seems to us, then, that this condition was void. We are not called upon to decide as to the effect this condition would have if Jacob H. had been validly divorced from his wife for the only cause recognized by the law of this State.

Judgment interlocutory reversed, with costs and judgment

interlocutory for defendants on the demurrer, with costs, with usual leave to plaintiff to amend complaint on payment of costs.

LANDON and PUTNAM, JJ., concurred.

Judgment interlocutory reversed, with costs, and judgment interlocutory rendered for defendants, with costs, with the usual leave to amend complaint on payment of costs.