(47 App. Div. 604.)

### WRIGHT et al. v. MAYER.

(Supreme Court, Appellate Division, First Department. February 9, 1900.)

1. ESTATES—DEVISE UPON CONDITION—VALIDITY.

While plaintiff was living separate from her husband, she took land under a devise which provided that, if they should resume their marital relations, the estate so devised should cease and determine, and become vested in the testator's executors in trust to pay the income to the wife for life, and on her death to pay the principal to her children. *Held*, that the condition was valid.

2. VENDOR AND PURCHASER—MARKETABLE TITLE.

A deed by a woman holding land under a devise providing that title should remain in her while she lived separate from her husband, and

should terminate if she resumed marital relations, was insufficient to convey good title.

Action by Mathilda C. Wright and others against Adelheid Mayer. Submitted on agreed statement of facts. Judgment for defendant.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Tallmadge W. Foster, for plaintiffs.

George P. Hotaling, for defendant.

INGRAHAM, J. The question submitted is whether the plaintiffs are able to give a marketable title to a certain piece of real estate which they have contracted to sell to the defendant. The question depends upon the validity of a condition as to three-nineteenths of the property in question, which arises under the will of one Susan M. Maurer. By that will, sixteen undivided nineteenths were devised in fee to the plaintiffs other than Mathilda C. Wright, and three undivided nineteenths were devised to the said Mathilda C. Wright (then Mathilda C. Wightman), by the following clause of the will:

"To my daughter Mathilda C. Wightman, wife of Allen S. Wightman, three-nineteenths thereof, to have and to hold the same to her sole and separate use, and free from all control of her said husband, in fee, forever: provided, nevertheless, that if she should rejoin, live with, or cohabit with her said husband, then the estate herein devised and bequeathed to her shall cease and determine, and become vested in my executors hereinafter appointed, to whom I give, devise, and bequeath the same in trust, to collect the income thereof, and to pay the same to her during her natural life, and at her death to pay the principal thereof over to such of her children as may be living, share and share alike, to whom I give, devise, and bequeath the same in fee forever."

By this clause of the will the fee of three-nineteenths of the said property vested in the plaintiff Mathilda C. Wightman, subject to be defeated by the happening of the contingency specified, if the condition was valid, and was thus clearly a condition subsequent. A condition subsequent is defined to be one that "when it does or does not happen, is or is not performed, as the case may be, defeats the estate." 6 Am. & Eng. Enc. Law (2d Ed.) p. 500. This being a condition subsequent, the title vested absolutely in the devisee, subject to be defeated by the happening of the event, unless for any reason such condition subsequent was void. It is a general principle, well settled, that conditions annexed to a gift, the tendency of which is to induce the husband and wife to live separate or to be divorced, are, upon grounds of public policy and public morals, void. As was said by the vice chancellor in Wilkinson v. Wilkinson, L. R. 12 Eq. 604:

"Plaintiff, a married woman, considering that it was her duty to perform the conditions so that there should be no forfeiture of the property, was obliged to neglect another and more important duty, in quitting her husband's house and going to reside elsewhere. The authorities clearly show that the condition is bad. * * * Such conditions as these the law will always, and without any regard to circumstances, defeat; being concerned to remove all temptations and inducements to those crimes and omissions."

In Whiton v. Harmon, 54 Hun, 552, 8 N. Y. Supp. 119, by the will under consideration the testatrix gave all her real estate to her

son "for and during the term of his natural life, or while he should live separately from his present wife." On his decease, "or when he shall again live with his present wife," the testatrix gave the same to her nieces. It seemed that at the time of the making of the will the devisee was living separate and apart from his wife; that subsequent to the probate of the will they resumed matri- monial relations. It was held that the condition was void, and in that case all the authorities are collated and discussed. See, also, Cruger v. Phelps, 21 Misc. Rep. 252, 47 N. Y. Supp. 61. On the other hand, the case of Cooper v. Remsen, decided by Chancellor Kent, and reported first in 3 Johns. Ch. 382, and on a rehearing in 5 Johns. Ch. 459, is cited. In that case the testator had made a provision for his daughter by giving her an annuity of $1,000 a year, which sum was made a charge upon his real estate, and was to continue during her separation from William Cooper, her husband. The chancellor held that this was not a condition which tended to produce a separation between husband and wife, but, as the par- ties had lived apart when the will was made, the provision was mainly intended to provide a suitable provision for the deserted child. In determining that question the chancellor said:

"There is a wide difference between a bequest to a daughter during her separation from her husband, when the separation was then actually existing, without being procured by the testator, and a legacy to her if she lived apart from her husband; for that would be to hold out a temptation to a separation, which would be contra bonos mores. The legacy would be simple and pure in the latter case, according to the decision of Lord Northington in Brown v. Peck, 1 Eden, 140; but in the former case the legacy depends upon the fact of separation then already commenced, and was, in that event, a kind and charitable provision."

The decisions in this state, therefore, leave the question as to the validity of this condition somewhat in doubt; and as the daugh- ter of Mathilda C. Wright, who would be entitled to a remainder in this property, is not before the court, and has not been heard, we think it would be improper to determine this question in this action. In actions brought to enforce a specific performance of contracts for the sale of lands, a purchaser will not be compelled to take a title, when its validity depends upon a disputed question of fact or a doubtful question of law. Fleming v. Burnham, 100 N. Y. 1, 2 N. E. 905, where the court say:

"The purchaser is entitled to a marketable title. A title open to reasonable doubt is not a marketable title. The court cannot make it such by passing upon an objection depending upon a disputed question of fact or a doubtful question of law, in the absence of the party in whom the outstanding right was vested. He would not be bound by the adjudication, and could raise the same question in a new proceeding. The cloud upon the purchaser's title would remain, although the court undertook to decide the fact or the law, whatever moral weight the decision might have."

In Abbott v. James, 111 N. Y. 673, 19 N. E. 434, the same principle is restated, and the court held that, when the question upon which the validity of the purchaser's title depends is doubtful, it should not be decided so as to compel the purchaser to accept a deed in the absence of and without hearing the heirs at law whose rights depend upon the same question. See, also, Kilpatrick v. Barron, 125

N. Y. 751, 26 N. E. 925. We think that such a case is here presented, and, without expressing an opinion upon the validity of this condition, we do not think that the question is free from doubt, and it should not be determined in an action in which the person entitled to the ultimate remainder is not a party, and bound by the judgment.

It follows that there should be judgment for the defendant, with costs.

O'BRIEN, J., concurs.

RUMSEY, J. I concur in the result reached by Justice INGRAHAM in this case, but not upon the grounds stated in his opinion. I think the defendant should have judgment in this matter because the condition was valid, and therefore the plaintiff cannot give title under her contract. At the time of the making of the will and at the time of the death of the testator, Mrs. Wright (then Mrs. Wightman) lived separate from her husband. So long as she did so, she would not only have entire control of the title, but the sole right to occupy the premises, and absolute control of its management. If, however, they should resume their marital relations, and should begin living together, while there would be a change in the title, there would be also a serious change in the circumstances of Mrs. Wightman, such as would make it, in my judgment, only a proper exercise of the discretion of the testator, to so limit the right to control the property that not only could the husband under no circumstances interfere with it, but that it would be sure to go to the grandchildren of the testator at the time of Mrs. Wright's death, without any right to the husband to use or occupy it. This condition cannot be said, I think, to put a premium upon the separation of the parties, and no such intention can be inferred from it. The case of Cooper v. Remsen, 5 Johns. Ch. 459, it seems to me, is sufficient authority for this conclusion. For the reason, therefore, that the plaintiff's title is incumbered by this valid condition, I concur that the judgment must be for the defendant.

VAN BRUNT, P. J., and BARRETT, J., concur.