In the Matter of the Estate of WILLIAM H. ROLSTON, Deceased.

Surrogate's Court, New York County, January 13, 1939.

*Mitchell, Taylor, Capron & Marsh,* for the petitioner.

*William W. Law,* for the respondents Adele W. Sanger and Andrew J. Robsky, as executors and trustees, etc., of Helyn R. Wilson.

*Shearman & Sterling* [*E. Lacy Finnan* of counsel], for the National City Bank of New York.

*Gregory, Stewart & Montgomery* [*Charles G. Stevenson* of counsel], for the respondent Julian A. Gregory.

*Cornelius J. Smyth,* special guardian.

*Jerome M. Hirsch,* for the State Tax Commission.

FOLEY, S. This is an accounting proceeding brought by the City Bank Farmers Trust Company, as trustee of a trust created for the life of Helyn R. Wilson, the testator's daughter. A construction of the will and codicil is requested with respect to the power of appointment conferred upon the beneficiary of the trust

and the exercise of such power by the donee's last will and testament. Instructions and directions as to the manner and method of distribution of the fund in the hands of the trustee are also asked.

Mrs. Wilson, the life beneficiary, died on July 7, 1938. She left a will and codicil which were admitted to probate in the Surrogate's Court of Westchester county. Letters testamentary were issued to her daughter, Adele W. Sanger, and Andrew J. Robsky, as executors named in her will.

(1) There is no dispute as to the nature of the power granted to the donee under the testamentary instruments of the testator. It is conceded that there was conferred upon the donee by the second codicil to his will a general and unlimited power to dispose of the principal of the trust for her benefit by her will upon such terms and conditions as to her might seem proper.

(2) It is suggested by the trustee, in its petition, that the appointments made by the donee, under paragraphs fifth and sixth of her will, in favor of certain infants, might be invalid as constituting, in each case, an illegal suspension of the power of alienation. Three of the infants were not in being at the date of the testator's death. I find, however, no illegality in these appointments. The bequests to the infants vested upon the death of the donee and are valid and not in violation of our statutes against perpetuities. The gifts were absolute under the terms of the donee's will, possession and enjoyment only being postponed until the infants respectively reached the age of twenty-one years.

As stated in *Matter of Trevor* (239 N. Y. 6): " Nothing is interposed between the beneficiaries and their enjoyment of their estate except the provisions of the will as to the time of such free and unrestricted possession of their shares. (*Van Brunt* v. *Van Brunt*, 111 N. Y. 178, 187.) The suspension of the full power to alienate during minority results from the disability of infancy. The statute is aimed only at suspension by the terms of the will. (*Beardsley* v. *Hotchkiss*, 96 N. Y. 201, 214.) " The withholding of custody and control here is only during the minority of the infants when they could not act for themselves and there was no intent other than that the interests of the infants were to vest, subject to such power of control. (*Matter of Carroll*, 274 N. Y. 288.)

There are, however, certain limitations over in the event of the death of any infant before twenty-one. The question of the validity of these provisions is at this time academic and will be postponed for future determination should such contingencies occur. They might never occur and no necessity for determination would then arise. (*Looram* v. *Looram*, 269 N. Y. 296; *Matter of Mount*, 185 id. 162; *Matter of Hance*, 180 N. Y. Supp. 269; affd., 192 App. Div. 904; *Matter of Chamansky*, N. Y. L. J. Jan. 15, 1938, p. 233.)

(3) The executors under the donee's will urge that the trustee should be required to turn over to them, as executors, the principal of the trust for distribution in accordance with the dispositions made by the donee. They contend that the circumstances surrounding the making of the donee's will and codicil plainly indicate that she intended to merge the appointive fund with her own individual estate. I do not agree with such contention. The provisions of the donee's will and codicil indicate that she was dealing with each fund separately. She directed that her debts, administration expenses and taxes be paid either out of her general estate or out of the trust fund and that the pecuniary bequests contained in her will be paid out of the trust fund in so far as her general estate might not be sufficient to pay them. She further directed that the sum of $1,000, bequeathed to her son-in-law, Kent Sanger, under the codicil to her will, should be paid to him out of the principal of the trust created for her benefit by her late father. She specifically provided, under paragraph seventh of her will, that the debts due by her to her attorneys and others named in that paragraph which might be owing at the time of her death should be paid out of the principal of the trust fund. There was no direction that the appointed fund should be turned over to her executors for distribution, nor can there be found in the donee's will or codicil any implication of such a direction. I hold that the general rule that property passing under a power of appointment is distributable directly to the appointees named by the donee is applicable here. (*Hirsch* v. *Bucki*, 162 App. Div. 659; *Matter of Canda*, 197 id. 597; *Herzog* v. *Title Guarantee & Trust Co.*, 210 N. Y. 531; *Matter of Harbeck*, 161 id. 211; *Matter of Lathers*, 137 Misc. 222; *Matter of Crosby*, 136 id. 688; *Matter of Terwilligar*, 142 id. 249; *Matter of Beaumont*, 147 id. 118; *Matter of Guaranty Trust Co.*, 157 id. 125; *City Bank Farmers Trust Co.* v. *Green*, 160 id. 370; *Matter of Eisler*, N. Y. L. J. Oct. 19, 1927, p. 299.) The authorities cited by the donee's executors in support of their contentions are not controlling here. Those cases were decided upon the distinctive language of the wills involved.

Besides, no benefits whatsoever would accrue to the beneficiaries named by the donee by directing the satisfaction of their bequests through the medium and the intervention of the executors. Such direction would merely create double administration, with its incidental charges and expenses, and might possibly subject the fund to futile claims for commissions. (*Matter of Terwilligar*, *supra*.)

Since it is alleged that the donee's individual estate approximates the sum of $3,600 and the appointive fund amounts to $258,806.93,

as appears in the final account of the trustee filed herein, it is quite evident that the donee's personal estate will not be sufficient even for the payment of the debts and administration expenses. For convenience, therefore, the surrogate directs that so much of the appointive fund as might be necessary for their payment should be turned over to the executors of the estate of the donee, upon certification by them to the trustee of the exact amount required for such payments. There will be excepted from the sums to be paid over, however, the amount of the debts due under paragraph seventh of the will, which, under the donee's will, are to be paid directly out of the appointive fund.

The legacies under the donee's will and codicil should be paid by the trustee directly to the legatees named in the donee's will, or, in the case of those legacies bequeathed or to be held in trust, directly to the trustees named by the donee.

Submit decree on notice construing the will and settling the account accordingly.