In the Matter of the Estate of AUGUSTA CRAKOW, Deceased.

Surrogate's Court, Bronx County, January 31, 1942.

*R. & E. J. O'Gorman* [*Henry B. Hammond* of counsel], for Ella M. Crawford and Henry B. Hammond, petitioners.

*Chambers, Clare & Morris*, for Hans A. Obst, as executor, etc., of Dellie Perry, deceased.

*Sheffield & Betts*, for the Trudeau Sanatorium.

HENDERSON, S. The executors of the deceased trustee of this estate are accounting for the latter's proceedings as such trustee, and seek a construction of the residuary clause under which the trustee acted. No objection to the account has been filed.

In the first paragraph of her will the testatrix nominated one of her daughters, Matilda Crakow, as executrix and directed the payment of her debts and her funeral and administration expenses. Specific legacies of personal articles, cash and bank accounts were bequeathed to named daughters in the second, third and fourth paragraphs. The testatrix disposed of her residuary estate in the fifth paragraph. In the sixth and last paragraph she directed that her executrix serve without bond as executrix and trustee, and expressed her desire as to the appointment of a successor trustee, if necessary.

The questioned paragraph reads as follows:

" *Fifth.* I give and devise all the rest, residue and remainder of my estate to my daughter Matilda Crakow, the executor of this my will *in trust nevertheless* to invest and reinvest the same and to pay over the net income thereof to my four children *Nathaniel Crakow, Dellie Perry, Matilda Crakow* and *Ella M. Crawford,* during the lives of each of said children, each to receive one-quarter of said income and upon the death of any of said four children, said income to be paid to the survivors, so that the last survivor shall have the entire income. Upon the death of the survivor of my said four children I give, devise and bequeath the principal of said trust estate to the *Trudeau Sanitarium, at Trudeau, Saranac Lake, New York,* requesting that the same be used for the benefit of poor people without regard to religious beliefs."

All four children survived the testatrix, but two have since died, Dellie Perry in 1939, and Matilda Crakow in 1940. The account of the executrix was duly settled by decree made and entered herein on March 12, 1929.

It is apparent that the dominant and primary purpose of the testatrix was that each of her four children should receive, during his or her life, the net income from one-fourth of her residuary estate, and that her entire residuary estate should eventually and under all circumstances reach her designated charity.

Which children would receive any augmented income depended solely upon fate — not upon any particular designation expressed by the testatrix. Her secondary and minor intent was that, upon the death of each child, except the last to die, the income which it had previously enjoyed should be received in equal shares by the survivors and the survivor. She did not intend any child to receive any part of her residuary estate, other than the net income, but she did intend to give the Trudeau Sanatorium the entire principal of her residuary estate undiminished by any invasion thereof, except for lawful charges and commissions, and subject only to its use for the benefit of her children as above noted.

To carry out her purpose the testatrix attempted to create what might appear to be a single trust terminating upon the death of the survivor of her four children. Such a single trust is clearly violative of our statutes limiting the suspension of absolute ownership of personalty and the suspension of the power of alienation of realty. (Pers. Prop. Law, § 11; Real Prop. Law, § 42.) To a slight extent, however, the language of the quoted paragraph implies a possible cleavage upon the death of each child. It is construed as creating four separate trusts held in *solido* for convenience, each of an equal part of the residuary estate for the benefit of a child and terminating upon the death of its beneficiary.

The medium, as so construed, chosen by the testatrix for the execution of her plan, is partially invalid and cannot be given complete effectiveness. The proposed augmentation of a trust by any portion of the residuary estate that has been embraced within trusts for the respective lives of two or more children previously dying, violates the above-cited statutes.

The intent of the testatrix can and should be carried out as far as legally possible by an excision of the invalid provisions, as that procedure leaves intact the valid portions of the will and preserves the general testamentary plan. (*Matter of Lyons*, 271 N. Y. 204, 208.)

So much of the augmented trust for the benefit of Matilda Crakow as was received as a secondary trust from the trust for the benefit of Dellie Perry, one-twelfth of the residuary estate, cannot be added to the trusts for the benefit of the two children who now survive without violating the above-cited statutes. The remainder of the residuary estate vested absolutely in the Trudeau Sanatorium as of the date of the death of the testatrix, and the gift to it of such one-twelfth may be accelerated upon the elimination of the illegal provision for the continuation thereof in trusts after the death of Matilda Crakow. It is now payable to the Trudeau Sanatorium as the vested remainderman thereof. The original

corpus of her trust is equally divisible, as secondary trusts, between the trusts for the two surviving children.

Upon the next death of a child, the original corpus of its trust will be added as a secondary trust to the trust for the survivor, and the additional principal received as secondary trusts from the trusts for the two children previously deceased will be payable to the vested remainderman.

Somewhat similar testamentary provisions have received similar judicial interpretation. (*Matter of Drake*, 153 Misc. 691; affd., 246 App. Div. 758; *Matter of Chapman*, 169 Misc. 1035; *Matter of Brown*, 174 id. 346.) The main distinction among these cases depends upon whether or not the remainders are vested so that they may be accelerated.

The petitioners also question the validity of the testatemtary gift to the Trudeau Sanatorium as a violation of the statute limiting testamentary gifts to charity. (Dec. Est. Law, § 17.) All the children were adult and competent parties to the proceeding in which the account of the executrix was judicially settled. The validity of the charitable gift has not been heretofore contested, and now only by the executors of a child, the deceased executrix and trustee.

There is no dispute as to the gross value of the decedent's estate at the date of her death and the amount of her debts. The figures set forth in the records of this court — the proceeding to fix the transfer tax and the proceeding to settle the account of the executrix — are in agreement. Without consideration of the values of the secondary trust life estates, the mathematical computation enjoined by the last-cited statute clearly discloses that the value of the charitable gift is less than the aggregate that the testatrix could have devoted to charity in her will had her benefactions been contested by one expressly permitted to do so under the statute. This finding obviates any determination as to whether or not the decree settling the account of the executrix is *res judicata* as to such validity and whether or not the children or their legal representatives are estopped by such decree from any subsequent contest and whether or not the legal representative of a deceased child may originate such a contest.

The validity, construction and effect of the disposition of the decedent's residuary estate as contained in the quoted paragraph of her will, are determined as hereinabove set forth.

The Bronx County Trust Company is appointed successor trustee and, upon due qualification, letters will issue to it accordingly.

Settle decree.