In the Matter of the Will of EDMUND E. TROICKE, Deceased.

Surrogate's Court, Monroe County, February 7, 1947.

*James L. Brewer* for William C. Troicke, as executor and legatee, and another, petitioners.

*James K. Feely* for Ulrich F. Troicke, respondent.

WITMER, S. On this will construction proceeding it appears that the testator had three brothers and one sister; and that

the testator and his sister had objections to marriage on the part of themselves and their brothers. The testator executed his will on September 20, 1924. The provision in question is as follows: "Second.— All the rest, residue and remainder of my property, both real and personal, I give, devise and bequeathe to my sister Sophia Troicke, except that in case of her marriage I direct an equal distribution between her and my brothers, William C. Troicke and Ernest A. Troicke, but a share to my said brothers only if unmarried, otherwise the share of the married brother to go to the other two, or if both are married, Sophia to take all. And in the event of the death of my said sister before my death, I give, devise and bequeathe all my property, real and personal to my said brothers, William C. Troicke and Ernest A. Troicke, share and share alike, or to the survivor of them."

The sister, Sophia Troicke, predeceased the testator. In her will, admitted to probate in this court on September 30, 1940, she also made provisions conditioned upon the nonmarriage of her brothers at her death. It is observed that only two brothers are mentioned in the will of the testator herein, as quoted above. The third brother, Ulrich F. Troicke, the respondent, appears to have married prior to the date of the execution of this will, which may or may not account for the omission of his name from the testator's will. The two brothers, William and Ernest, the petitioners, were each married at the death of the testator, on November 27, 1946.

The respondent contends that since the sister, Sophia, predeceased the testator, and the two brothers, William and Ernest, were married at the time of his death, there is no one named in the will who can take under it, and hence that the testator's property descends as though he died intestate. The argument is based upon the established antipathy of the testator to the marriage of his brothers, clearly shown in his will.

A condition in a will that is " calculated to induce a beneficiary to live in celibacy * * * " is void as against public policy. (*Matter of Liberman,* 279 N. Y. 458, 464; *Matter of Seaman,* 218 N. Y. 77, 81; *Matter of Haight,* 51 App. Div. 310; *Wright* v. *Mayer,* 47 App. Div. 604, 606; 4 Restatement, Property, § 424.) It should be noted, however, that the respondent does not claim that the provisions herein against marriage are void, but that they are valid *and* should also be read into the last sentence of paragraph " Second ".

It is true that the gift to the sister, " except that in case of her marriage " then to be divided equally between her and her

two brothers, William and Ernest, is a valid provision. It is deemed that the testator had a primary interest in his unmarried sister, but felt that her need would not be so great if she should marry. (*Matter of Hughes*, 225 App. Div. 29, affd. 251 N. Y. 529; *Irwin* v. *Irwin*, 179 App. Div. 871, 876.) Likewise, the limitation upon the gifts to the two brothers, to wit, " but a share to my said brothers only if unmarried, otherwise the share of the married brother to go to the other two, or if both are married, Sophia to take all ", is valid. There is no assumption that the beneficiaries knew of the contents of the will prior to the testator's death. Anyway, the will is not read as of the date of its execution but as of the date of death. Accordingly, the provision is not a condition and is not calculated to restrain marriage. It does not look to the future, but refers only to a particular status existing at the date of the death of the testator. The testator had no legal obligation to remember his brothers, and since the provision is not against public policy, the testator had a right to use it as a basis for exclusion. (See *Matter of Rothchild*, 271 App. Div. 582; *Matter of Dettmer*, 176 Misc. 512.) However, the death of the sister before the testator made the foregoing provisions nonoperative.

The last sentence of the quoted paragraph provides for an equal division of the testator's estate between William and Ernest, if the sister should predecease the testator, which event happened. No reference is made to the subject of marriage in this sentence. Respondent argues that the intent of the testator as gathered from the four corners of the will, including the use of the word " and " instead of the word " but " as the first word in said last sentence, burdens such sentence with the prior references to the marriage of William and Ernest, contained in the preceding part of the paragraph; and that since those provisions are valid, though nonoperative in their context, they render void the gifts to William and Ernest contained in the last sentence.

We do not agree with such argument. To sustain it we should have to ignore and declare a nullity the entire last sentence; for intestacy would result except for the last sentence, and that is the result to which respondent's argument leads. It is elemental that so far as possible effect must be given to all of the language of a will. (*Matter of Martin*, 255 N. Y. 248, 253; *Matter of Buechner*, 226 N. Y. 440, 443; *Matter of Battell*, 173 Misc. 273, 280, revd. on other grounds 261 App. Div. 120, which was affd. 286 N. Y. 97; *In re Ward's Will*, 63 N. Y. S. 2d 125, 130, affd. 271 App. Div. 1053.) Moreover, where the

testator has obviously endeavored to dispose of all of his prop-
erty in a residuary clause, a construction should be made to
avoid intestacy and to effectuate the testator's intent, if there is
a legal basis therefor. (*West* v. *West,* 215 App. Div. 285; *In re
Ward's Will, supra,* pp. 130–131, and cases cited.) In the earlier
part of said paragraph "Second" the testator expressly stated
that in a certain event neither brother should receive a share
if married. The testator, therefore, knew how to use such
language, and if he intended such meaning in the last sentence
he could easily have said so. (*In re Warner's Estate,* 65 N. Y. S.
2d 70, 74.) This sentence contains an alternative provision
in a certain event. It is reasonable to assume that the testator
omitted such language intentionally. To hold otherwise, as
above noted, would render the last sentence meaningless, and
would by implication add words to the testator's will to create
practical intestacy in the face of a clear and unequivocal bequest,
valid on its face. The last sentence, therefore, is to be read
exactly as written, and is effective as the alternative gift to
William C. Troicke and Ernest A. Troicke, who take the whole
estate in equal shares.

Submit decree accordingly.