In the Matter of the Accounting of CHARLES C. PAGE, Deceased, et al., as Trustees under the Will of ALIDA B. WARREN, Deceased.

Surrogate's Court, Erie County, August 31, 1948.

*Elmer C. Pagel* for trustees.

*Joseph Morey, Jr.,* for Visiting Nursing Association of Buffalo.

*James B. Wilson* for James Jeffrey and another.

*William I. Morey* for Charity Foundation.

*Anthony Mancuso,* special guardian for Emily J. Tyler, an infant.

*Raymond W. Conklin* for American Red Cross.

*L. L. Babcock* for Buffalo Historical Society.

*Seward H. Millener* for Eva Foster.

BUSCAGLIA, S.   The will and codicil of the decedent, duly admitted by this court to probate, created a trust in the sum of $10,000 for the benefit of one, Sarah Ryan, during her life, and upon her death, to her son, Derick Boardman Warren, for his life.   Both Sarah Ryan and Derick Boardman Warren are now dead and there remained in this trust the principal sum of $6,466.85, which, by the terms of the will, was to go into the residuary estate of the decedent.

It is to be noted at this point that these Ryan trust funds have now run through two lives, namely Sarah Ryan and Derick Boardman Warren.

By article " Seventeenth " of her will, the decedent made several bequests of her estate remaining upon the death of her son, Derick Boardman Warren, for whose benefit she devised in trust a great portion of her entire estate; that among the

assets remaining in her estate upon the death of her said son was the balance of the principal of the Ryan trust above referred to; that among the several bequests made by decedent in article " Seventeenth " of her said will she devised in trust the sum of $32,500 to Emily S. Coit, with power to dispose of the principal sum thereof by her last will and testament; that this fund of $32,500 was part of the corpus of the trust established by her will for the benefit of the son, Derick Boardman Warren, during his life. The further sum of $60,000 was also devised in trust by the will of the decedent to Eva L. Foster, who is still living.

The said Emily S. Coit died in the State of Florida on the 9th day of January, 1947, and by her last will and testament, duly admitted in the State of Florida, exercised the power of appointment given her by the deceased. The pertinent provisions thereto, as modified by her codicil, read as follows:

" Second: (2) I give and bequeath to Emily Jeanne Tyler, daughter of Martha M. Gordon of Linden, Alabama, the sum of Eight Thousand ($8,000.00) Dollars if she is living at the time of my death but if she is not twenty-one years of age at the time of my death the said bequest of the sum of Eight Thousand Dollars ($8,000.00) to the said Emily Jeanne Tyler shall be held in trust for her by the Citizens and Peoples National Bank of Pensacola, Florida, and if that bank declines to act as said trustee for this specific bequest, said sum is to be held in trust by some other qualified trust company in the State of Florida to be selected by my Executors, with said Trustee having the right to invest the principal of said sum and to pay the income therefrom for the support and education of the said Emily Jeanne Tyler, and upon the said Emily Jeanne Tyler reaching the age of twenty-one years, said trustee shall pay all the principal and interest of this bequest to the said Emily Jeanne Tyler and in the event that she survives me but dies before attaining the age of twenty-one years, then to her heirs, but expressly excluding her father, David Tyler, per stirpes."

" (10) It is my desire and I so direct that the bequests hereinabove provided for in sub-Paragraphs (1) and (2) shall be considered preferred legacies, with the result that if the said trust fund is insufficient to pay all of the legacies herein-provided for, the said bequests provided for in sub-paragraphs (1) and (2) shall be paid in full before any of the bequests provided for in sub-paragraphs (3), (4), (5), (6), (7), (8), (9), and (10) are paid."

Because sufficient assets did not and do not now exist to pay the general legacies, including the Foster and Coit trusts in full.

in a former proceeding judicially settling the accounts of the trustees, a decree by a former Surrogate of this court, dated March 27, 1945, directed that the said sum of $6,466.85, representing the Ryan trust moneys, be used for the payment of general legacies, in which category the Foster and Coit trusts fall.

It is now urged that if any part of the said Ryan trust moneys are to be applied to the Foster and Coit trusts, created under subdivisions 12 and 13 of article "Seventeenth" of said will, the question involving an offense against the statute prohibiting perpetuities arises. It is pointed out by the trustees herein that if the Coit and Foster trusts were to participate in the Ryan trust moneys that this would constitute a further suspension of the power of alienation and would be in violation of section 11 of the Personal Property Law. That may well be, but these general legacies, because of insufficiency of the estate, have already partially abated, the Coit trust having been reduced to $26,533.76 and the Foster trust to $48,985.42. To hold that the Foster and Coit trusts must further abate to the extent of their participation in the Ryan fund would be unfair to the beneficiaries of these trusts and contrary to the obvious intent of the testatrix.

The Coit and Foster trusts were among the largest bequests contained in the will. As a matter of fact, the Foster trust was the largest single bequest. It is improbable that the testatrix intended to increase the cash bequest at the expense of these trusts, nor could she have intended that in case of insufficient funds to pay all the legacies in full that the trust bequests should be decreased in an amount in excess of the cash bequests. Any disproportionate abatement among the general legacies would constitute an unwarranted discrimination under the circumstances. It is well-settled law that the testator, in the absence of a direction of priority, intends each bequest shall be paid in full; that if there is any abatement, each shall be abated in proportion.

In the instant case, the testatrix bequeathed a large estate. Only a small part of this constituted the Ryan trust. There was no direction in the will that the proceeds of the Ryan trust were to become part of the Coit or Foster trusts. If there had been, clearly this would have amounted to an unlawful suspension of the power of alienation and the Coit and Foster trusts would necessarily have abated to this extent. In order to render substantial justice to all of the general legatees and to carry out what must have been the intent of the testatrix, the court will

apply the equitable doctrine of marshalling assets laid down in the leading case of *Fargo* v. *Squires* (154 N. Y. 250, 261). Broadly defined, the rule of marshalling assets is one which courts of equity sometimes invoke to compel a creditor, who has the right to make his debt out of either of two funds, to resort to that one of them which will not interfere with or defeat the rights of another creditor who has recourse to only one of these funds. It is not a vested right or lien founded on contract, but rests upon equitable principles called into action by the benevolence of the court. (*Farmers' Loan & Trust Co.* v. *Kip,* 192 N. Y. 266, 282–283.)

There having been funds available in the residuary estate, under article " Seventeenth ", out of which both the Foster and Coit trusts could share proportionately with the other general legatees without resorting to the Sarah Ryan trust fund, the ultimate allocation will be presumed to have been such that in the end none of the legatees shall suffer a disproportionate diminution.

Accordingly, I hold that the balance of the principal of the Ryan trust will be presumed by the court to have been applied by the trustees toward the payment of legacies other than the Coit or Foster trusts, and that out of the balance of the residuary estate has been set up the trusts for the benefit of Emily S. Coit and Eva L. Foster. I hold further that to the Foster and Coit trusts shall be added their proportionate share of any unused tax moneys, kept on hand and set apart by the trustees by decree of the former Surrogate, from the general residuary estate.

The other questions for construction remaining in these proceedings to judicially settle the accounts of the trustees herein involve the validity of the power of appointment exercised by Emily S. Coit is to be read into the will by which it was created, the designated persons to receive the corpus of the Emily S. Coit trust fund. The appointment under the power granted to Emily S. Coit is to be read into the will by which it was created, and the validity of the gift and its exercise determined by New York State law. (*Bishop* v. *Bishop,* 257 N. Y. 40; *Matter of Terwilligar,* 135 Misc. 170.)

The power of alienation of the Coit funds having already been suspended for the lives of Derick Boardman Warren and Emily S. Coit, a further suspension during the life of Emily Jeanne Tyler would be in violation of section 11 of the Personal Property Law.

The court is not satisfied, however, that Emily S. Coit, by her will in which she exercised the power vested in her, intended to

create a trust for the benefit of the infant, Emily Jeanne Tyler. (*Matter of Rolston,* 170 Misc. 548; *Matter of Trevor,* 239 N. Y. 6.) In any event, assuming for the purpose of this opinion that a trust was created, the court, to carry out again the intent and general plan of the testatrix, pursuant to *Matter of Crakow* (177 Misc. 1034), *Matter of Drake* (153 Misc. 691), *Matter of Terwilligar* (135 Misc. 170, *supra*), *Matter of Silsby* (229 N. Y. 396), *Matter of Colegrove* (221 N. Y. 455), and *Matter of Horner* (237 N. Y. 489) will separate the valid from the invalid provisions by excising from the will of Emily S. Coit any and all provisions by which she attempted to create a trust for the benefit of the infant, Emily Jeanne Tyler, during her minority. This preserves the bequest to the infant and does not defeat the intent of the testatrix. The court is satisfied that the said Emily S. Coit intended to bequeath the $8,000 to the infant and vest title in her, contemplating only to postpone the right of enjoyment until she attained her twenty-first birthday. (*Matter of Rolston,* 170 Misc. 548, *supra; Matter of Trevor,* 239 N. Y. 6, *supra.*) This is apparent by subdivision 10 of the will, wherein the infant's bequest is preferred to the bequests contained in subparagraphs (3) through (10). It is accordingly directed that the sum of $8,000 be held by the present trustees until the infant, Emily Jeanne Tyler attains her twenty-first birthday, at which time the principal of said trust and the interest thereof is to be paid to her. If she dies before attaining her twenty-first birthday, the amount thereof is to be paid to her heirs, per stirpes, according to the statute of the State where she may be domiciled at the time of her death, but expressly excluding therefrom her father, David Tyler.

Under the laws of this State, as established in *Matter of Walbridge* (178 Misc. 32) inasmuch as the trustee named in the will of Emily S. Coit is a foreign corporation, the said executor or trustee cannot be allowed or permitted to receive the principal of the Emily S. Coit trust estate. The amount thereof, except the share of the infant, which must be held as aforesaid, can be paid by the trustees directly to the legatees named in the will of Emily S. Coit, who are of full age and qualified to take thereunder.

No objections have otherwise been raised to the accounts as filed by the trustees, and the same are approved as limited, clarified or directed in this opinion.

Application for allowances, expenses or attorneys' fees can be made to the court at the convenience of the interested parties.

Enter decree accordingly.