John J. Dillon, S.
The trustees in connection with their final account seek a construction of article “ fifth (a) ” of the will for the purpose of determining the disposition to be made of the corpus of the trust created thereby. That portion of said article “fifth (a)” relevant to the problem is quoted as follows: “If upon the death of said Ellsworth Ford, Consuello Ford shall then be deceased or if living shall then be legally separated from or divorced from said Ellsworth Ford, then the Trustees are directed to assign, transfer and pay over the principal of said part or share to such persons as said Ellsworth Ford shall in and by his last Will and Testament duly admitted to probate designate and appoint. If, however, upon the death of said Ellsworth Ford said Consuello Ford shall then be living and shall not then be legally separated from or divorced from said Ellsworth Ford, then and in that event, the Trustees are directed to assign, transfer and pay over the principal of said part or share to the issue then surviving of said Ellsworth Ford, said issue taking per stirpes and not per capita ”.
The testator died August 30, 1933, leaving a will dated January 9, 1929, which was admitted to probate by this court on September 26,1933. By its terms, the testator established a trust of one half of the residuary estate, with the income payable to his son, Ellsworth Ford. Ellsworth Ford died April 18, 1958, leaving a will dated February 24, 1958, which was admitted to probate by the Orphans’ Court and Register of Wills, Talbot County, State of Maryland, on May 6, 1958. Under article “ fifth ” of Ellsworth’s will, he provided:
“ fifth : Whereas, by and under Article numbered fifth (a) of the Last Will and Testament of my father, simeon foed, part of his estate is placed in trust and the net income therefrom directed to be paid to me during my life, and I am given power of testamentary disposition of that part or share provided that at the time of my death consuelo foed shall then be deceased, *431 or if living, shall then be legally separated from or divorced from me; and
‘ ‘ Whereas, I believe such limitation on my power of appointment as contained in article numbered fifth (a) of the Last Will and Testament of my father simeon ford is illegal and void as against public policy; and
1 ‘ Whereas, I now desire to exercise said power of testamentary disposition and to designate and appoint the person, persons and institutions to receive the principal of said trust, whether or not at the time of my decease consuelo ford be legally separated from or divorced from me,
“ Now, therefore, pursuant to the power of testamentary disposition given to me in and by said Last Will and Testament in the Article thereof numbered fifth (a), I do hereby irrevocably give, devise and bequeath the principal of said part or share of my father’s estate, together with any increases thereof, as followsand went on to leave (80%) of the appointed property to his wife Consuelo U. Ford, who survived him, and from whom Ellsworth was not separated or divorced, and the other (20%) to charity.-
The court’s primary responsibility is to ascertain the intent of Simeon Ford, our decedent, and give it effect, if at all possible. (Matter of New Rochelle Trust Co., 50 N. Y. S. 2d 602; Matter of Buechner, 226 N. Y. 440; Matter of Sliter, 286 N. Y. 117.) The court concludes from article 1 ‘ fifth (a) ” of testator’s will, herein above quoted, that the decedent did not desire any of his property to go to his son’s wife.
Argument has been made by the beneficiaries named in article ‘1 fifth ” of Ellsworth’s will that the condition imposed upon the power of appointment in favor of Ellsworth was illegal as contrary to public policy with the result that the general power of appointment could be exercised by Ellsworth unfettered by any condition. It is clear from the unambiguous language used by testator that unless this argument is valid, the issue of Ellsworth, namely, Quinton Ford, would be entitled to the entire trust principal, for upon the death of testator’s son, Consuelo was living and was not then “ legally separated from or divorced from said Ellsworth Ford ’ ’. The general principle is well settled that conditions annexed to a gift, the tendency of which is to induce the spouses to live separate or be divorced, are void upon grounds of public policy. (Wright v. Mayer, 47 App. Div. 604; Matter of Haight, 51 App. Div. 310; Matter of Hutchins, 147 Misc. 462; Matter of Dunbar, 189 Misc. 687.) All of the cases which have been cited declaring such a condition void, have involved bequests which would become absolute if the con *432 dition be invalid. See, also, Matter of Agnew (11 Misc 2d 1006) and Matter of Onora (205 Misc. 531).
The court in Matter of Rothchild (271 App. Div. 582, affd. 298 N. Y. 538) at pages 584-585, stated in discussing Wright v. Mayer (supra): “ Other language of the opinion also makes it clear that to offend the policy the provision of the will must be such that its ‘ manifest object ’ is to induce a divorce and that the 1 means employed are calculated to promote it. ’ In other words, an efficient means must accompany a manifest intent. Indeed, practically, it will be the means that will manifest the intent and it is certainly the means to which we must look to determine whether there is an inducement to divorce. As the alleged inducement is the important consideration, and operates on the mind of the legatee rather than on the mind of the testatrix, it is the likely effect of the provisions of the will on the person to be influenced which must be weighed rather than some personal purpose of the testatrix.”
The crux of the problem in. declaring such a condition invalid is that such condition “ tends to induce ” the spouses to live separate or be divorced. In all the cases cited to support the alleged invalidity of the present will the beneficiary was offered the inducement of substantial gain if a divorce or separation were obtained. Here, as in Matter of Rothchild (supra), the court does not find in the language used by testator any inducement to his son to secure a divorce or separation. All the son could possess in the event of a separation or divorce was a power of appointment exercisable only by will. A contract purporting to control the exercise of that power would be unenforcible (Farmers’ Loan & Trust Co. v. Mortimer, 219 N. Y. 290). In fact it could be argued that testator’s intent to give the trust corpus to the issue of his son if the latter and his wife were still living together in matrimony was to encourage the continuance of the marriage relationship, for by so doing they would be assured that their issue would be substantially cared for.
Accordingly, the court holds that the issue of Ellsworth Ford is entitled to distribution of the corpus of the trust created by article “ fifth (a) ” of decedent’s will. The court determines further that the attempted exercise of the power by article “ fifth ” of Ellsworth’s will was ineffectual. This is consistent with the provision of law that the law of the domicile of the donor of the power determines whether the donee effectively exercised the said power of appointment. (Matter of Deane, 4 N Y 2d 326; Matter of Harriman, 124 Misc. 320, affd. 217 App. Div. 733; Matter of Warren, 192 Misc. 881.)
Settle decree.