Harry G. Herman, S.
The petitioner seeks an order directing the Banker’s Trust Company and Hobart Ford as trustees, and the respondent to pay over to the Chemical Bank New York Trust Company and Quinton Ford, as trustees (hereinafter referred to as trustees), the sum of $2,417.63 which is claimed to represent the value of the assets required to be transferred by the settlement agreement of June 7,1960 less the value of the assets actually transferred.
On March 18, 1959, this court construed article “ Fifth (a) ”, which decision (19 Misc 2d 429) was later affirmed (10 A D 2d 633) by the Appellate Division; thereafter petitioner moved for leave to appeal to the Court of Appeals (10 A D 2d 860), pending which the settlement agreement hereinabove mentioned was executed, whereby out of the corpus of the trust for the benefit of Ellsworth Ford created by article “Fifth (a) ” of the decedent’s will the sum of $400,000 in cash or securities was put in trust for the benefit of the petitioner for life. The agreement provided ‘ ‘ that the value of any property other than money is to be ascertained by the mean market value determined as of the date proceeding the date of transfer. Income accrued on property originally placed in the trust, at the time of its transfer to the Trustees, and dividends on shares of stock originally placed in the trust, which are declared prior to the transfer of such shares to the Trustees, but payable to the stockholders of record determined as of a date which is on or subsequent to the date of such transfer, shall be principal of the trust ’
On May 22, 1961 certain securities were transferred to the trustee having an agreed market value on May 21, 1961 pursuant to the settlement agreement of $397,210. On May 22, 1961 the trustee should have received property valued at $400,000. In other words a shortage of $2,790 then existed. Thereafter on June 15, 1961 the trustee received a check for $372.37 further reducing the shortage to $2,417.63. All the stock delivered to the trustee had gone ex-dividend prior to the transfer of ownership except the Kennecott Copper stock, but the dividends thereon had not yet been paid. Therefore the transferors were entitled to all the dividends except on the Kennecott Copper stock. Under the circumstances it was proper to credit the trustees with the dividends to be paid on the stock and accrued bond interest, except for the Kennecott *256 Copper stock dividend. In that instance the trustees having owned the stock prior to the ex-dividend date were entitled to the dividend therefrom.
The court determines that the application is granted to the extent of directing the transfer to the trustees of $625 representing the value of the Kennecott Copper dividend with interest from May 22,1961, and interest on $372.37 from May 22, 1961, the date it should have been paid, to June 15, 1961, the actual date of payment.